IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| ROBERT W. JACKSON, III, | Civil Action No. 06-cv-300 |
| Plaintiff, | Chief Judge Sue L. Robinson |
| vs. | **Emergency Action** |
| STANLEY W. TAYLOR, JR., Commissioner, Delaware Department of Correction; THOMAS L. CARROLL, Warden, Delaware Correctional Center; PAUL HOWARD, Bureau Chief, Bureau of Prisons; and OTHER UNKNOWN STATE ACTORS RESPONSIBLE FOR AND PARTICIPATING IN THE CARRYING OUT OF PLAINTIFF'S EXECUTION, All in their Individual and Official Capacities, | **Execution Scheduled for Midnight May 19, 2006** <br> Electronically Filed |
| Defendants. | |

**PLAINTIFF'S MOTION FOR EXPEDITED DISCOVERY RELEVANT TO HIS CIVIL RIGHTS COMPLAINT**

Petitioner, death-sentenced Delaware inmate Robert W. Jackson, III, hereby requests that the Court order expedited discovery in this case and in support of that request states the following.

1. Petitioner is a death sentenced prisoner and his execution is scheduled to take place at midnight on May 19, 2006, by lethal injection.

2. Plaintiff has today filed a civil rights Complaint pursuant to 42 U.S.C. § 1983 and a Motion for Preliminary Injunction. Plaintiff challenges the constitutionality of the process by which Defendants intend to administer the lethal injection that will cause his death, and he requests that his execution be enjoined until Defendants' method of administering the lethal injection can be brought into conformity with constitutional requirements.

3. Although Plaintiff has located some information relevant to Defendants' 1994 method of lethal injection (the last publically available protocol), Defendants have been free to change it at will. Plaintiff thus has no certain knowledge of the chemicals or procedures that Petitioner intends to employ in Plaintiff's execution, the personnel or qualifications of the personnel who will implement the lethal injection, or the steps which Defendants have taken to ensure that the lethal injection will be administered in a humane manner that eliminates undue risk that Plaintiff will suffer excruciating pain during the process.

4. Plaintiff therefore seeks the immediate commencement of limited discovery of that information which is vital to the litigation of his claims. The exigencies leading up to the constrained time frame in which Plaintiff must litigate his civil rights Complaint are set forth in the Complaint and in the Motion for a Preliminary Injunction, and will not be repeated here. Safe to say, that there is no question but that time is of the essence. Absent expedited discovery, Petitioner would be irreparably harmed if he were unable to fully and fairly litigate his request for preliminary injunction.

5. Undersigned counsel are aware that the imminence of the execution date and the time constraints it creates add to the Court's and the parties' litigation burden. Counsel, however, have moved as expeditiously as possible to gather and present Mr. Jackson's claims, including those raised in his civil rights complaint, and file this Complaint, Motion for Preliminary Injunction and Motion for Expedited Discovery within six weeks of first entering an appearance for Mr. Jackson.

6. In this Motion and in light of these time constraints, Petitioner makes a request for limited discovery of the barest minimum of information needed to litigate his motion for preliminary injunction. To avoid undue burdens on Defendants, and to do all he can to move this matter forward

in a expeditious manner, he initially seeks to take a deposition of a Defendant, or a Defendant's designee, who has knowledge of the procedures to be used, with production of such documents, manuals, regulations, or writings that pertain to that protocol, including:

- the types and quantities of chemicals that will be used in the lethal injection process and/or available for use during the process;
- factors taken into consideration in determining the quantity of chemicals or drugs that will be injected;
- the method and order of delivery of those chemicals;
- the function of each of the persons on the execution and/or lethal injection team and their credentials and training to perform the tasks assigned them;
- equipment that will be available and/or used in the lethal injection process, including any heart or other monitors;
- the nature and results of any medical or physical examination of Plaintiff undertaken in expectation of the impending execution, including assessment of plaintiff's venous integrity and ability to achieve peripheral IC access;
- whether any medications, such as valium, will be made available to Plaintiff in anticipation of the execution;
- procedures that will be followed in the event that venous access cannot be achieved or is compromised, or if problems with the intravenous line(s) develop during the process;
- the provenance of the lethal injection protocol, and whether and why it has been altered.

9. Federal Rule of Civil Procedure 26(d) provides as a general rule that no discovery shall take place before the parties have met and conferred as required by Rule 26(f). Rule 26 (a), (d) and (f) permit this Court to relieve the parties from the procedures otherwise required by Rule 26(f). This Court should do so here and allow the limited discovery that Petitioner is requesting, for neither the ordinary scheduling provisions of the procedural rules nor the negotiated give and take

contemplated by Rule 26(f) anticipate circumstances such as those presented by Petitioner's case.

10. Both the Federal Rules of Civil Procedure and the District of Delaware's Local Rules anticipate that initial conferences and discovery will not begin until many weeks after a complaint is filed. Rule 26(f) provides in pertinent part:

> Except in categories of proceedings exempted from initial disclosure under Rule 26(a)(1)(E), or when otherwise ordered, the parties must, as soon as practicable, and in any event at least 21 days before a scheduling conference is held or a scheduling order is due under Rule 16(b), confer to consider the nature and bases of their claims and defenses and the possibilities for a prompt settlement or resolution of the case, to make or arrange for the disclosures contemplated by Rule 26(a)(1), and to develop a proposed discovery plan[.]

Even the initial disclosures required by Rule 26(a) need not be made before 14 days *after* the Rule 26(f) conference. F. R. Civ. P. 26(a)(1) ("These disclosures must be made at or within 14 days after the Rule 26(f) conference unless a different time is set by stipulation or court order ..." ).

11. Local Rule 16.2(a) requires that notice of an initial conference be given within 45 days after service of process on the defendants, at which the Court and parties are to address, *inter alia*, the date for the scheduling conference contemplating by Rule 16(b), see D. Del. LR 16.2(a)(iii), and "any requests for modification of the time for mandatory disclosure required by Fed. R. Civ. P. 16(b) and 26(f)," D. Del LR 16.2(a)(iv). Rule 16(b) contemplates that a scheduling conference would, in the normal course, be set approximately 90 days after the appearance of a defendant.

12. This schedule, workable as a general matter, is unworkable under the present circumstances, with Petitioner's execution imminent and presently scheduled to take place at midnight on May 19, 2006.

13. Further, Defendants already have decided not to provide voluntarily any information relevant to the lethal injection process and not to engage in any dialogue with Petitioner regarding

the process of lethal injection. Prior to filing his Complaint, Plaintiff, through counsel, made more than one request for disclosure of information relevant to the lethal injection procedure that the Defendants intend to employ to execute Petitioner. An informal effort, through e-mail, was met on April 25, 2006, with a response that no disclosure would be forthcoming. On April 26, 2006, counsel wrote to Stanley W. Taylor, Jr., Commissioner of Correction, Delaware Department of Correction ("DOC"), and Thomas L. Carroll, Warden of the Delaware Correctional Center at Smyrna, where Defendants plan to execute Plaintiff, requesting disclosure of information relating to Delaware's lethal injection protocol. Defendants declined to respond in any fashion.

14. Instead, DOC has made general public statements asserting that its method of lethal injection poses no constitutional problems. On May 2, 2006, Department of Corrections spokeswoman Gail Minor told the press that "a pending court case in California challenging the legality of lethal injections would not affect Jackson's scheduled execution." Joe Rogalsky, *Date set for execution; Ruling in California case won't have effect*, DELAWARE STATE NEWS, May 2, 2006. Ms. Minor further stated that Department policy forbade her from releasing the chemical makeup of Delaware's injection, but said discussions with DOC "legal counsel" indicated Mr. Jackson's execution could proceed as scheduled. Id. Defendants, however, have provided no specific information to justify their assertion. Thus, it would appear that, even if Plaintiffs could convince Defendants to meet and confer immediately, the conference would be an idle act and there is little point in meeting at this point to frame a discovery plan.

15. Allowing this limited discovery to proceed immediately on an expedited basis balances the interests of both sides. Plaintiff has an interest in developing meritorious constitutional claims that can be litigated as fully as possible before it is too late to do so. Defendants have an

interest in litigating this matter as quickly as possible so that, if a preliminary injunction is issued but the Defendants ultimately prevail, a new execution date may be promptly set.

16. Because good cause exists, this Court should allow Plaintiff proceed with this single deposition, with the limited document production requested.

17. Plaintiff is entitled to discovery of all this information, as it is relevant to the subject matter of this action, Fed.R.Civ.P. 26(b), that is, that Delaware's method of implementing Petitioner's execution, as set forth in Petitioner's Complaint and Motion for Preliminary Injunction and accompanying Brief, will cause, or at the very least, creates an undue risk of causing, excruciating pain and suffering to petitioner, in violation of the Eighth Amendment's prohibition of cruel and unusual punishment. The "importance of the issues at stake in the litigation, and the importance of the proposed discovery in resolving the issues," Fed. R. Civ. P. 26(b)(2), outweigh whatever burden that gathering and producing this information may place on Defendants. By contrast, Plaintiff's interest in vindicating his constitutional rights and in holding Delaware's lethal injection procedure up to public scrutiny cannot be overstated. The documents should be produced.

**CONCLUSION**

For the foregoing reasons, Plaintiff's motion to compel the production of the matter identified above should be granted.

Respectfully Submitted,

/s/ Michael Wiseman

______________________________

Maureen Kearny Rowley
Chief Federal Defender
By: Billy H. Nolas
Michael Wiseman
Helen A. Marino
Megan McCracken
Assistant Federal Defenders
Federal Community Defender
for the Eastern District of Pennsylvania
Capital Habeas Corpus Unit
Suite 545 West – The Curtis Center
Philadelphia, PA 19106
215-928-0520

Counsel for Plaintiff
Robert W. Jackson, III.

Dated: Wilmington, Delaware
May 8, 2006

**Certificate of Service**

I, Michael Wiseman, hereby certify that on this 8th day of May, 2006 I served the within upon the following person by United States Mail, postage prepaid, by electronic filing and by e-mail:

Loren C. Meyers
Delaware Department of Justice
820 North French Street, 7th Floor
Wilmington, DE 19801
Loren.Meyers@state.de.us

/s/ Michael Wiseman

________________________________

Michael Wiseman

Dated: Wilmington, Delaware
May 8, 2006

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| ROBERT W. JACKSON, III,<br><br>Plaintiff,<br><br>vs.<br><br>STANLEY W. TAYLOR, JR., Commissioner, Delaware Department of Correction; THOMAS L. CARROLL, Warden, Delaware Correctional Center; PAUL HOWARD, Bureau Chief, Bureau of Prisons; and OTHER UNKNOWN STATE ACTORS RESPONSIBLE FOR AND PARTICIPATING IN THE CARRYING OUT OF PLAINTIFF'S EXECUTION, All in their Individual and Official Capacities,<br><br>Defendants. | Civil Action No.<br>06-cv-300<br><br>Chief Judge Sue L. Robinson<br><br>**Emergency Action**<br><br>**Execution Scheduled for Midnight May 19, 2006** |

**ORDER**

And Now, this ___ day of May, 2006 upon consideration of *Plaintiff's Motion for Expedited Discovery Relevant to His Civil Rights Complaint*, his Brief in Support and Defendants' responsive pleading, it is hereby **ORDERED:**

Within 48 hours of the date that this order is signed, and at a time and place convenient to Defendants and their counsel, Defendants shall produce for deposition either a Defendant, or a designee of the Defendants, with knowledge of the protocol or procedures to be used in carrying out Plaintiff's execution. The person to be deposed will bring with him/her to the deposition copies of such documents, manuals, regulations, or writings that pertain to that protocol, including:

- the types and quantities of chemicals that will be used in the lethal injection process and/or available for use during the process;
- factors taken into consideration in determining the quantity of chemicals or drugs that will be injected;
- the method and order of delivery of those chemicals;
- the function of each of the persons on the execution and/or lethal injection team and

their credentials and training to perform the tasks assigned them;

- equipment that will be available and/or used in the lethal injection process, including any heart or other monitors;
- the nature and results of any medical or physical examination of Plaintiff undertaken in expectation of the impending execution, including assessment of plaintiff's venous integrity and ability to achieve peripheral IC access;
- whether any medications, such as valium, will be made available to Plaintiff in anticipation of the execution;
- procedures that will be followed in the event that venous access cannot be achieved or is compromised, or if problems with the intravenous line(s) develop during the process;
- the provenance of the lethal injection protocol, and whether and why it has been altered.

Plaintiff's counsel will bear the reasonable costs of copies, as well as other expenses attendant to the deposition.

______________________________
Sue L. Robinson, Chief USDJ

Dated: May ___, 2006
Wilmington, DE