IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

_____
                                             :
ROBERT W. JACKSON, III                       :      Civil Action No.
                                             :
            Plaintiff,                       :      06-300
                                             :
            vs.                              :      Chief Judge Sue L. Robinson
                                             :
STANLEY W. TAYLOR, JR., Commissioner,        :
Delaware Department of Correction; THOMAS    :
L. CARROLL, Warden, Delaware Correctional    :
Center; PAUL HOWARD, Bureau Chief, Bureau    :
of Prisons; and OTHER UNKNOWN STATE          :
ACTORS RESPONSIBLE FOR AND                   :
PARTICIPATING IN THE CARRYING OUT OF         :
PLAINTIFF'S EXECUTION, All in their          :
Individual and Official Capacities,          :
                                             :
            Defendants.                      :
_____   :

**BRIEF IN SUPPORT OF
PLAINTIFF'S MOTION FOR EXPEDITED DISCOVERY
RELEVANT TO HIS CIVIL RIGHTS COMPLAINT**

Maureen Kearny Rowley
Chief Federal Defender
By: Billy H. Nolas
Michael Wiseman
Helen A. Marino
Megan McCracken
Assistant Federal Defenders
Federal Community Defender
for the Eastern District of Pennsylvania
Capital Habeas Corpus Unit
Suite 545 West – The Curtis Center
Philadelphia, PA 19106
215-928-0520
Counsel for Plaintiff
Robert W. Jackson, III.

Dated: May 8, 2006

## STATEMENT OF THE CASE

Plaintiff Robert W. Jackson, III, the movant herein, is a Delaware state prisoner who is sentenced to death.  His execution is scheduled to take place at 12:00 a.m. on May 19, 2006, by lethal injection. Along with this Motion, Plaintiff has filed a civil rights complaint pursuant to 42 U.S.C. § 1983 and a Motion for Preliminary Injunction, in which he challenges the constitutionality of the process by which Defendants intend to administer the lethal injection that will cause his death. He requests that his execution be enjoined until Defendant's method of administering the lethal injection can be brought into conformity with the constitutional requirements of the Eighth and Fourteenth Amendments.

Plaintiff's May 19 execution date was set prematurely when, on January 18, 2006, the Superior Court of the State of Delaware, New Castle County, held an office conference regarding Plaintiff's case.  At that time, Plaintiff's court-appointed counsel (Thomas Foley, Esq.) erroneously informed the Judge that there would be no further litigation related to Plaintiff's convictions, death sentence or execution.  See Jackson v. Carroll, No. 04-9012 (3d Cir. May 2, 2006), slip op. at 2 (explaining that after the setting of the May 19 execution date "the office of the Federal Community Defender has entered an appearance" and "Jackson explains that the only reason why the execution date was set as early as May 19, 2006 is that after we denied his request for a certificate of appealability, counsel – Thomas M. Foley, Esq. – erroneously represented in state court that Jackson would not pursue further litigation.").

Undersigned counsel are new to Mr. Jackson's case.  See id.  Pursuant to authorization just recently received from the Administrative Office of the United States Courts, the Community Defender sought the approval of this Court to render assistance to the Delaware Bar in the

2

representation of capital inmates in federal habeas corpus litigation. Subsequently, the Community Defender was authorized to render such assistance, and its staff began work on a number of Delaware capital post-conviction cases, including this one. On March 31, 2006, Billy H. Nolas, an Assistant Federal Defender employed by the Community Defender, entered his appearance as counsel for Mr. Jackson in the United States Supreme Court. Prior to that day, no attorney from the Community Defender had worked on Mr. Jackson's case.

Undersigned counsel is aware that the imminence of the May 19th and the time constraints it creates adds to the Court's and the parties' litigation burden. Undersigned counsel, however, have moved as expeditiously as possible to gather and present Mr. Jackson's claims, including those raised in his civil rights complaint, in the few weeks that have been available.

Before commencing this action, Plaintiff, through counsel, made more than one request for disclosure of information relevant to the lethal injection procedure that the Defendants intend to employ to execute him. An informal effort, through e-mail, was met on April 25, 2006, with a response that no disclosure would be forthcoming. On April 26, 2006, counsel wrote to Stanley W. Taylor, Jr., Commissioner of Correction, Delaware Department of Correction ("DOC"), and Thomas L. Carroll, Warden of the Delaware Correctional Center at Smyrna, where Defendants plan to execute Plaintiff, requesting disclosure of information relating to Delaware's lethal injection protocol. Defendants declined to respond in any fashion.

Instead, DOC has made general public statements asserting that its method of lethal injection poses no constitutional problems. On May 2, 2006, Department of Corrections spokeswoman Gail Minor told the press that "a pending court case in California challenging the legality of lethal injections would not affect Jackson's scheduled execution." Joe Rogalsky, *Date set for execution;*

*Ruling in California case won't have effect*, DELAWARE STATE NEWS, May 2, 2006.  Ms. Minor

further stated that Department policy forbade her from releasing the chemical makeup of Delaware's

injection, but said discussions with DOC "legal counsel" indicated Mr. Jackson's execution could

proceed as scheduled.  Id. Defendants, however, have provided no specific information to justify

their assertion.

Plaintiff here seeks limited expedited discovery so that he may have a fair opportunity to

litigate his complaint.  He seeks a single deposition, of the person whom Defendants identify as the

best qualified to address the specifics of the lethal injection process that they intend to employ, with

production of basic documentary evidence relating to their procedures.  This information is essential

to Plaintiff's claims.    Due to time constraints, Plaintiff specifically foregoes the far more extensive

discovery that would normally be requested in a matter of this importance.

## ARGUMENT

**BECAUSE PLAINTIFF'S EXECUTION IS IMMINENT, AND BECAUSE PLAINTIFF'S
MOTION FOR PRELIMINARY INJUNCTION CANNOT BE FULLY OR FAIRLY
LITIGATED WITHOUT THE DISCLOSURE OF ESSENTIAL INFORMATION IN THE SOLE
CONTROL OF THE DEFENDANTS, THIS COURT SHOULD ALLOW LIMITED
EXPEDITED DISCOVERY AND DIRECT DEFENDANTS TO RELEASE INFORMATION
RELEVANT TO THE PROCESS BY WHICH THEY INTEND TO ADMINISTER THE
LETHAL INJECTION TO PLAINTIFF.**

Federal Rule of Civil Procedure 26(d) provides as a general rule that no discovery shall take

place before the parties have met and conferred as required by Rule 26(f).  Rule 26 (a), (d) and (f),

however, permit this Court to relieve the parties from the procedures otherwise required by Rule

26(f).  This Court should do so here, for neither the ordinary scheduling provisions of the procedural

rules nor the negotiated give and take contemplated by Rule 26(f) anticipate circumstances such as

those presented by Petitioner's case.

1.      **The Litigation Schedule Outlined by the Rules of Civil Procedure Are Unworkable in This Case.**

Both the Federal Rules of Civil Procedure and the District of Delaware's Local Rules anticipate that initial conferences and discovery will not begin until many weeks after a complaint is filed.   Rule 26(f) provides in pertinent part:

> Except in categories of proceedings exempted from initial disclosure under Rule 26(a)(1)(E), or when otherwise ordered, the parties must, as soon as practicable, and in any event at least 21 days before a scheduling conference is held or a scheduling order is due under Rule 16(b), confer to consider the nature and bases of their claims and defenses and the possibilities for a prompt settlement or resolution of the case, to make or arrange for the disclosures contemplated by Rule 26(a)(1), and to develop a proposed discovery plan[.]

Even the initial disclosures required by Rule 26(a) need not be made before 14 days *after* the Rule 26(f) conference.  F. R. Civ. P. 26(a)(1) ("These disclosures must be made at or within 14 days after the Rule 26(f) conference unless a different time is set by stipulation or court order ..." ).

Local Rule 16.2(a) requires that notice of an initial conference be given within 45 days after service of process on the defendants, at which the Court and parties are to address, *inter alia*, the date for the scheduling conference contemplating by Rule 16(b), see D. Del. LR 16.2(a)(iii), and "any requests for modification of the time for mandatory disclosure required by Fed. R. Civ. P. 16(b) and 26(f)," D. Del LR 16.2(a)(iv).  Rule 16(b) contemplates that a scheduling conference would, in the normal course, be set approximately 90 days after the appearance of a defendant.

This schedule, workable as a general matter, is unworkable under the present circumstances, with Petitioner's execution imminent and presently scheduled to take place at 12 a.m. on May 19, 2006.

**2.      Defendants Have Already Indicated A Disinclination to Engage in Meaningful Dialogue Regarding Their Lethal Injection Procedure**

Defendants already have demonstrated their decision not to provide voluntarily any information relevant to the lethal injection process and not to engage in any dialogue with Petitioner regarding the process of lethal injection. Prior to filing his Complaint, Plaintiff, through counsel, made more than one request for disclosure of information relevant to the lethal injection procedure that the Defendants intend to employ to execute Petitioner.  An informal effort, through e-mail, was met on April 25, 2006, with a response that no disclosure would be forthcoming.  On April 26, 2006, counsel wrote to Stanley W. Taylor, Jr., Commissioner of Correction, Delaware Department of Correction ("DOC"), and Thomas L. Carroll, Warden of the Delaware Correctional Center at Smyrna, where Defendants plan to execute Plaintiff, requesting disclosure of information relating to Delaware's lethal injection protocol.   Defendants declined to respond in any fashion.   Instead, through its public statements, DOC has made clear its position that its method of lethal injection poses no constitutional problems, although Defendants have provided no specific information to justify their assertion.   Thus, it would appear that, even if Plaintiffs could convince Defendants to meet and confer immediately, the conference would be an idle act.

**3.      Limited Expedited Discovery and the Disclosure of Information Relevant to Defendants' Plan for the Administration of Lethal Injection is Essential to a Fair Ruling on Plaintiff's Motion for Preliminary Injunction, Without Which Plaintiff Will Be Irreparably Harmed.**

Not long ago, this Court noted that the Federal Rules of Civil Procedure do not provide a standard for determining when discovery should be expedited.  In BAE Systems Aircraft Controls Inc. v. Eclipse Aviation Corp., 224 F.R.D. 581, 587 (D. Del. 2004) (Robinson, J.), this Court cited a number of courts that have followed Notaro v. Koch, 95 F.R.D. 403 (S.D.N.Y 1982), and have

applied considerations similar to those used to determine whether injunctive relief is warranted.[1] Other courts, however – including courts within this Circuit – have looked to whether the request was reasonable under the circumstances presented by the case, and particularly so where an application for preliminary injunction is pending and the request for discovery is reasonably limited in scope to address the matters at issue in the request for preliminary injunction. See, e.g., Entertainment Tech. Corp. v. Walt Disney Imagineering, 2003 WL 22519440 (E.D. Pa. 2003) (Hutton, J.); Philadelphia Newspaper, Inc. v. Gannett Satellite Information Network, Inc., U.S. Dist. LEXIS 10411, at *4 (E.D. Pa. 1998) ("'expedited discovery is particularly appropriate when a plaintiff seeks injunctive relief because of he expedited nature of the proceedings.'")(Quoting Ellsworth v. Associates, Inc. v. United States, 917 F. Supp. 841, 844 (D.D.C. 1996)). The court in Entertainment Technology Corp. reasoned that it was appropriate to limit the use of the Notaro standard to those cases in which the party requesting expedited discovery appeared to have some ulterior or improper motive behind the request, and the opponent needed the protection of the court. Within this Circuit, however, expedited discovery has been granted in a number of cases involving applications for preliminary injunction. See, e.g., Saladworks, Inc. v. Mi Ho No, 2005 WL 1592914 (E.D. Pa. 2005) (expedited discovery granted where plaintiff filed complaint and moved for preliminary injunction); RDS Group Ltd. v. Davison, 2003 WL 21294968, 2003 LEXIS 1337 (E.D. Pa. 2003) (expedited discovery granted for preliminary injunction hearing); Tatarian v. ALUF

---

[1] Under this standard, articulated in Notaro v. Koch, 95 F.R.D. 403 (S.D.N.Y 1982), a court would consider whether the party requesting the expedited discovery has demonstrated (1) irreparable injury; (2) some probability of success on the merits; (3) some connection between the expedited discovery and the avoidance of irreparable injury; and (4) some evidence that the injury that would result from the denial of expedited discovery would be greater that the injury that the defendant will suffer if the expedited discovery is allowed.

Plastics et. al, 2002 WL 1065880 (D.N.J. 2002) (limited expedited discovery granted for resolution of preliminary injunction); In re Integrated Health Services, Inc., 2002 WL 1000150 (D. Del. 2002) (expedited discovery granted following issuance of TRO and before preliminary injunction hearing).

Under either standard, limited expedited discovery is appropriate in this case. First, as set forth in Plaintiff's Motion for Preliminary Injunction, he amply meets the standards for a preliminary injunction. He will most obviously be harmed irreparably if a full and fair hearing on his motion cannot be litigated due to Defendants' continuing non-disclosure of its protocols: the result will be his execution. The expedited discovery request, furthermore, easily meets the test of "reasonable under the circumstances." The request is not premature, as Plaintiff is filing along with this Motion a Motion for Preliminary Injunction. Second, although Plaintiff's Complaint has been filed as quickly as possible under the circumstances, time is crucial as Plaintiff's execution date is approaching, and the Defendants have given every indication that they will not allow Plaintiff to know the means by which they intend to execute him unless a court requires them to do so. Third, Plaintiff's discovery request is modest, limited and properly tailored to the matters at issue in the application for preliminary injunction. Plaintiff requests only the barest minimum of information needed to make out his claims. Finally, allowing discovery to proceed immediately under the requested expedited procedures balances the interests of both sides. Plaintiff has an interest in developing meritorious constitutional claims that can be litigated as fully as possible before it is too late to do so. Defendants have an interest in litigating this matter as quickly as possible so that, if a preliminary injunction is issued but the Defendants ultimately prevail, a new execution date may be promptly set.

Because good cause exists; because the request to proceed expeditiously is warranted and

reasonable under the circumstances; because the materials Plaintiff requests are essential to a full

and fair hearing on his motion for preliminary injunction; and because Petitioner will be irreparably

harmed if denied an opportunity for a full and fair adjudication of his claim, this Court should order

that discovery proceed forthwith.

## CONCLUSION

For the foregoing reasons, Plaintiff's motion for expedited discovery and to compel the

production of the matter identified above should be granted.

Respectfully submitted,

/s/ Michael Wiseman

_____
Maureen Kearny Rowley
Chief Federal Defender
By:  Billy H. Nolas
Michael Wiseman
Megan McCracken
Helen A. Marino
Assistant Federal Defenders
Federal Community Defender
for the Eastern District of Pennsylvania
Capital Habeas Corpus Unit
Suite 545 West – The Curtis Center
Piladelphia, PA 19106
25-928-0520

Counsel for Plaintiff
Robert W. Jackson, III

Dated:  Wilmington, Delaware
        May 8, 2006

**Certificate of Service**

I, Michael Wiseman, hereby certify that on this 8th day of May, 2006 I served the within upon the following person by United States Mail, postage prepaid, by electronic filing and by e-mail:

Loren C. Meyers
Delaware Department of Justice
820 North French Street, 7th Floor
Wilmington, DE 19801
Loren.Meyers@state.de.us

/s/ Michael Wiseman

_____
Michael Wiseman

Dated: Wilmington, Delaware
      May 8, 2006

10