IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

_____

| | |
|---|---|
| ROBERT W. JACKSON, III, | Civil Action No. |
| | 06-CV-300 |
| Plaintiff, | |
| | |
| -against- | **Chief Judge Sue L. Robinson** |
| | |
| STANLEY W. TAYLOR, JR., | |
| Commissioner, Delaware Department of | |
| Correction; THOMAS L. CARROLL, | **Emergency Action** |
| Warden, Delaware Correctional Center; | **Execution Scheduled for** |
| PAUL HOWARD, Bureau Chief, Delaware | **Midnight on May 19, 2006** |
| Bureau of Prisons; and OTHER | |
| UNKNOWN STATE ACTORS | |
| RESPONSIBLE FOR AND | |
| PARTICIPATING IN THE CARRYING | |
| OUT OF PLAINTIFF'S EXECUTION, All | |
| in their Individual and Official Capacities, | |
| | |
| Defendants. | |

_____

**PLAINTIFF'S NOTICE OF FILING OF PROPOSED ORDER**

Plaintiff, Robert W. Jackson, III, hereby presents *Notice of Filing* of the attached *Proposed Order*, the purpose of which is to assist the Court in resolving the apparent jurisdictional question identified by the Court during the informal telephone conference between the Court and parties conducted on May 8, 2006.

Respectfully Submitted,

/s/ Michael Wiseman

_____
Maureen Kearny Rowley
Chief Federal Defender
By: Billy H. Nolas
Michael Wiseman
Helen A. Marino
Megan McCracken
Assistant Federal Defenders
Federal Community Defender
for the Eastern District of Pennsylvania
Capital Habeas Corpus Unit
Suite 545 West – The Curtis Center
Philadelphia, PA 19106
215-928-0520

Counsel for Plaintiff
Robert W. Jackson, III.

Dated: Wilmington, Delaware
       May 9, 2006

## Certificate of Service

I, Michael Wiseman, hereby certify that on this 9th day of May, 2006 I served the foregoing, and the attached *Proposed Order* upon the following person by United States Mail, postage prepaid, by electronic filing and by e-mail:

Loren C. Meyers
Delaware Department of Justice
820 North French Street, 7th Floor
Wilmington, DE 19801
Loren.Meyers@state.de.us

/s/ Michael Wiseman
_____
Michael Wiseman

Dated: Wilmington, Delaware
       May 9, 2006

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| ROBERT W. JACKSON, III, | : | **Civil Action No.** |
| | : | **06-CV-300** |
| Plaintiff, | : | |
| | : | |
| -against- | : | **Chief Judge Sue L. Robinson** |
| | : | |
| STANLEY W. TAYLOR, JR., | : | |
| Commissioner, Delaware Department of | : | |
| Correction; THOMAS L. CARROLL, | : | **Emergency Action** |
| Warden, Delaware Correctional Center; | : | **Execution Scheduled for** |
| PAUL HOWARD, Bureau Chief, Delaware | : | **Midnight on May 19, 2006** |
| Bureau of Prisons; and OTHER | : | |
| UNKNOWN STATE ACTORS | : | |
| RESPONSIBLE FOR AND | : | |
| PARTICIPATING IN THE CARRYING | : | |
| OUT OF PLAINTIFF'S EXECUTION, All | : | |
| in their Individual and Official Capacities, | : | |
| | : | |
| Defendants. | : | |

**ORDER**

Plaintiff, Robert W. Jackson, III is scheduled to be executed at midnight on May 19, 2006. On May 8, 2006 he filed a *Civil Rights Complaint Pursuant to 42 U.S.C. § 1983*, alleging that his execution under the likely protocol to be used by the Defendants would subject him to cruel and unusual punishment. Jackson alleges that the chemicals to be used to accomplish his execution will cause him pain and suffering in violation of the Eighth and Fourteenth Amendments to the United States Constitution. Particularly, he complains that it is likely he will not be properly anaesthetized and the paralytic agent that will be administered will prevent him from communicating that fact to those carrying out the execution. Finally, he alleges that the likelihood that he will suffer

1

unconstitutional pain and suffering is increased by the lack of proper training, credentialing and licensing of those who will carry out the execution. Mr. Jackson has also moved for discovery (see *Motion for Expedited Discovery* (document # 4)) and he moves for preliminary injunctive relief (see *Motion for Preliminary Injunction and Consolidated Memorandum of Law* (document # 6)). Similar actions are pending in other courts. See e.g. Hill v. Cosby 126 S.Ct. 1189 (Jan. 25, 2006).

This Court has carefully reviewed the filings made by Mr. Jackson and finds that:

1) Plaintiff's filings appear to be made in good faith for the purpose of adjudicating the claims in this matter and not for the purpose of delaying the execution;

2) The *Complaint* raises questions about the constitutionality of the protocol to be used by the Defendants in carrying out his execution;

3) The allegations in the *Complaint*, if proven, state a claim upon which relief can be granted;

4) The Complaint is in all respects, except perhaps the one discussed below, is properly filed.

This Court's jurisdiction to hear and decide a case is a threshold determination that must be made in all matters that come before the Court. Ruhrgas AG v. Marathon Oil Co., 526 U.S. 574, 577 (1999) quoting, Steel Co. v. Citizens for Better Environment, 523 U.S. 83, 94 (1998) ("The requirement that jurisdiction be established as a threshold matter ... is inflexible and without exception"); see also Mansfield, C. & L.M.R. Co. v. Swan, 111 U.S. 379, 382(1884) (same).

Currently pending before the United States Supreme Court is Hill v. Crosby, 05-8794, certiorari granted, 126 S.Ct. 1189 (Jan. 25, 2006). The grant of certiorari in that case presents two questions, which may bear upon this Court's jurisdiction to adjudicate Jackson's *Complaint*:

2

    1)    Whether a complaint brought under 42 U.S.C. § 1983 by a death-sentenced state prisoner, who seeks to stay his execution in order to pursue a challenge to the chemicals utilized for carrying out the execution, is properly characterized as a habeas corpus petition under 28 U.S.C. 2254?

    2)    Whether, under this Court's decision in Nelson,[1] a challenge to a particular protocol the State plans to use during the execution process constitutes a cognizable claim under 42 U.S.C. § 1983?

see www.supremecourtus.gov/qp/05-08794qp.

The Supreme Court's resolution of the questions presented in Hill may shed light on whether this Court has jurisdiction over Plaintiff Jackson's *Complaint*. Hill may aid the Court in determining whether the instant action is proper as a civil rights action, or whether this action should be treated as a habeas corpus petition. If this action is to be treated as a habeas corpus petition, Hill may aid in the determination of whether an action is properly in this Court or should be filed in the Court of Appeals for the Third Circuit. Cf. 28 U.S.C. § 2244 (3) & (4)

Oral argument in Hill was conducted on April 26, 2006 (see www.supremecourtus.gov/docket/05-08794.htm). The Supreme Court will likely decide the case on or before the end of its current term in June. Under these circumstances, the Court believes the most prudent course would be to maintain the status quo pending the imminent decision in Hill.

A federal court has jurisdiction to decide the question of whether it has jurisdiction, and to maintain the status quo pending that determination. See United States v. United Mine Workers, 330 U.S. 258, 291-93(1947) (federal court "necessarily had jurisdiction to decide whether the case was properly before it"); United States v. Shipp, 203 U.S. 563, 573 (Court had "jurisdiction to decide if the case was properly before it. On that question, at least, it was its duty to permit argument and to

---

[1] Nelson v. Campell, 541 U.S. 637 (2004).

take the time required for such consideration as it might need. . . . Until its judgement declining jurisdiction should be announced , it had authority, from the necessity of the case, to make orders to preserve the existing conditions."); Page v. Schweiker, 786 F.2d 150, 154 (3d Cir. 1986) (court has "jurisdiction to determine jurisdiction"); Johnston v. Marsh, 227 F.3d 528, 529 n. 2 (3d Cir. 1955) ("court would have jurisdiction to decide whether it had jurisdiction"); Delaware Coach Company v. Public Service Commission, 265 F.Supp. 648, 649 (D. Del. 1967) (granting temporary restraining order to preserve status quo pending "exploration by the Court of its jurisdiction"); Hyundai Merchant Marine v. United States, 159 F.R.D. 424 (S.D.N.Y. 1995) (court "has jurisdiction to determine its own jurisdiction" and may enter orders "which seek discovery of materials pertinent to the issue of this Court's jurisdiction.").

     Jackson has also moved for a preliminary injunction and has accurately recited the criteria governing the issuance of preliminary relief: (1) a reasonable probability of success on the merits; (2) irreparable injury if preliminary relief is not granted; (3) granting preliminary relief will not result in even greater harm to the nonmoving party; and (4) preliminary relief will be in the public interest." United States v. Bell, 414 F.3d 474, 478 n.4 (3d Cir.2005). Under those criteria, this Court finds that Jackson's execution should be enjoined. As noted above, aside from the jurisdictional question, his *Complaint* states a claim upon which relief can be granted. If his allegations are proven, he will suffer irreparable injury; Defendants will suffer no undue harm by the granting a preliminary injunction. Under these circumstances, a temporary injunction maintaining the status quo and insuring Plaintiff's constitutional rights, is of the highest public interest.

     It is accordingly ORDERED that:

     1.     Jackson's Motion for a Preliminary Injunction is GRANTED;

2. The Defendants, and their agents, employees and contractors, are hereby enjoined from carrying out Jackson's execution until further order of the Court;

3. This action is placed in suspense until further order of the Court.

SO ORDERED,

_____
Sue L. Robinson, Chief USDJ