IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| ROBERT W. JACKSON, III., ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Civ. No. 06-300-SLR |
| ) | |
| STANLEY W. TAYLOR, JR., ) | |
| THOMAS L. CARROLL, BUREAU ) | |
| CHIEF PAUL HOWARD, OTHER ) | |
| UNKNOWN STATE ACTORS ) | |
| RESPONSIBLE FOR AND ) | |
| PARTICIPATING IN THE CARRYING ) | |
| OUT OF PLAINTIFF'S EXECUTION, ) | |
| ) | |
| Defendants. ) | |

**MEMORANDUM ORDER**

At Wilmington this 9th day of May, 2006, having reviewed plaintiff's complaint and motion for preliminary injunction, and having conferred with counsel;

IT IS ORDERED that, for the reasons that follow, the motion for preliminary injunction (D.I. 6) is **granted**:

1.  Plaintiff Robert W. Jackson, III is scheduled to be executed on May 19, 2006. On May 8, 2006, he filed the above captioned action, pursuant to 42 U.S.C. § 1983, alleging that his execution under the likely protocol to be used by defendants would subject him to cruel and unusual punishment in violation of the Eighth and Fourteenth Amendments. (D.I. 2) Plaintiff also moved for discovery and for a preliminary injunction to enjoin the scheduled execution. (D.I. 5, 6)

2. During a May 8, 2006 telephone conference, the court expressed concerns over whether it had jurisdiction to consider plaintiff's claims on the merits in light of the case being considered by the United States Supreme Court in Hill v. McDonough, 05-8794, certiorari granted, 126 S.Ct. 1189 (Jan. 25, 2006).[1]

3. After conferring with counsel again on May 9, 2006, it was agreed that the Supreme Court's decision in Hill will have a dispositive effect on plaintiff's claims and that staying this litigation is the most prudent course of action.

4. It is anticipated that the Supreme Court will issue a decision in Hill before June 30, 2006. Therefore, the case is stayed until **July 24, 2006**, when the court shall conduct a telephonic status conference with the parties at **3:00 p.m.** Plaintiff's counsel shall initiate the call.

IT IS FURTHER ORDERED that defendants, and their agents, employees and contractors, are hereby **enjoined** from carrying out plaintiff's execution until further order of this

---

[1] The questions before the Supreme Court are: (1) Whether a complaint brought under 42 U.S.C. § 1983 by a death-sentenced state prisoner, who seeks to stay his execution in order to pursue a challenge to the chemicals utilized for carrying out the execution, is properly recharacterized as a habeas corpus petition under 28 U.S.C. § 2254?; and (2) Whether, under [the Supreme Court's] decision in Nelson v. Campbell, 541 U.S. 637 (2004), a challenge to a particular protocol the State plans to use during the execution process constitutes a cognizable claim under 42 U.S.C. § 1983?.

court, as plaintiff has demonstrated, without opposition, that a preliminary injunction to maintain the status quo is warranted. <u>United States v. Bell</u>, 414 F.3d 474, 478 n.4 (3d Cir. 2005).

                                                    _____
                                                    United States District Judge