IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| ROBERT W. JACKSON, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | C.A. No. 06-300-SLR |
| | ) | |
| STANLEY W. TAYLOR, et al., | ) | |
| | ) | |
| Defendants. | ) | |

**DEFENDANTS' MEMORANDUM OF POINTS AND AUTHORITIES IN OPPOSITION TO PLAINTIFF'S MOTION FOR CLASS CERTIFICATION**

On December 1, 2006, Plaintiff Robert Jackson filed a motion pursuant to Rule 23 of the Federal Rules of Civil Procedure to certify the instant matter as a class action on behalf of all present and future Delaware inmates sentenced to death. (D.I. 26). Defendants oppose the motion for class certification on the basis that the proposed class does not satisfy the numerosity requirement under Rule 23(a)(1).

In order to obtain class certification, Jackson must show that the putative class satisfies the four requirements of Rule 23(a), and also that it comes within one of the categories of actions maintainable under Rule 23(b). FED. R. CIV. P. 23. Rule 23(a) provides :

> One or more members of a class may sue or be sued as representative parties on behalf of all only if (1) the class is so numerous that joinder of all members is impracticable, (2) there are questions of law or fact common to the class, (3) the claims or defenses of the representative parties are typical of the claims or defenses of the class, and (4) the representative parties will fairly and adequately protect the interests of the class.

FED. R. CIV. P. 23(a). "The requirements of Rule 23(a) are meant to assure both that class action treatment is necessary and efficient and that it is fair to the absentees under the particular circumstances." *Baby Neal ex rel. Kanter v. Casey*, 43 F.3d 48, 55 (3d Cir.

1994). Jackson is "under a strict burden of proof" to show that all the requirements of Rule 23(a) are met, *Reed v. Bowen*, 849 F.2d 1307, 1309 (10th Cir. 1988), and his "[f]ailure to meet any one of the requirements of Rule 23 precludes certification of a class." *Valentino v. Howlett*, 528 F.2d 975, 978 (7th Cir. 1976).

Jackson is unable to demonstrate numerosity. The purpose of the numerosity requirement is to promote judicial economy by avoiding a multiplicity of actions and to prevent members of a small class from being unnecessarily deprived of their rights without a day in court. *See Scott v. University of Delaware*, 601 F.2d 76, 88 (3d Cir. 1979); *Attenborough v. Const. and Gen. Bldg. Laborers' Local 79*, 238 F.R.D. 82, 93 (S.D.N.Y. 2006). While no "magic number" exists to automatically demonstrate numerosity, the proponent of the class bears the burden of showing that the class size makes joinder of the individual members impracticable. *See Gilchrist v. Bolger*, 733 F.2d 1551, 1556 (11th Cir. 1984). Generally, courts will find that the numerosity requirement for class certification has been satisfied when the class comprises 40 or more members, and will find that it has not been satisfied when the class comprises 21 or fewer. *See Novella v. Westchester County*, 443 F.Supp.2d 540, 546 (S.D.N.Y. 2006); *Powers v. Government Employees Ins. Co.*, 192 F.R.D. 313, 316 (S.D. Fla. 1998); *Ansari v. New York University*, 179 F.R.D. 112, 114 (S.D.N.Y. 1998).

Here, the class Jackson hopes to represent consists of 16 members.[1] Sixteen potential class members is insufficient to satisfy the numerosity requirement of Rule

---

[1] The names of the inmates sentenced to death, in alphabetical order are: Louis G. Cabrera; Robert Gattis; Robert W. Jackson, III; Michael R. Manley; Adam W. Norcross; Juan J. Ortiz; Gary W. Ploof; Luis E. Reyes; Steven W. Shelton; Chauncey S. Starling; David D. Stevenson; Ralph E. Swan; Ambrose Sykes; Milton E. Taylor; Jermaine M. Wright; and Craig A. Zeborski. Jackson's motion alleges that 17 Delaware inmates are presently under a sentence of death.

23(a)(1). *See Gerstle v. Continental Airlines, Inc.*, 466 F.2d 1374, 1376 (10th Cir. 1972) (decertified class of 14 members and permitted them to join as party plaintiffs); *Miller v. Peeples*, 456 F.Supp. 38, 41 (N.D. Miss. 1978) (twenty individuals did not constitute a class so numerous that joinder of all members was impracticable); *Nesenoff v. Mutten*, 67 F.R.D. 500, 503 (E.D.N.Y. 1974) (potential class of eighteen, who all lived in the New York metropolitan area; action could not be maintained as a class action). While the standard related to joinder of potential class members is impracticality, not impossibility, joinder here can hardly be considered to be impracticable. Factors in regard to the practicality of joinder include: (1) geographic dispersion of members of the proposed class; (2) financial resources of those members; (3) ability of the members to file individual lawsuits; and (4) the impact that requests for injunctive relief may have on future class members. *See, e.g., Coco v. Incorporated Village of Belle Terre*, 233 F.R.D. 109, 114 (E.D.N.Y. 2005); *AAL High Yield Bond Fund v. Ruttenberg*, 229 F.R.D. 676, 680 (N.D. Ala. 2005); *Hammett v. American Bankers Insurance Co.*, 203 F.R.D. 690, 694 (S.D. Fla. 2001). All of the members of the putative class are known. The other fifteen persons are all incarcerated at the Delaware Correctional Center ("DCC") in Smyrna, Delaware. The proposed class members are confined to the most well-defined geographic area that possibly exists in the state-the Security Housing Unit ("SHU") at DCC. *See Sanft v. Winnebago Industries, Inc.*, 214 F.R.D. 514, 523 (N.D. Iowa 2003) (fact that members of prospective class could be readily identified and contacted, making joinder practicable, was factor weighing decidedly against numerosity requirement for class certification); *Andrews v. Bechtel Power Corp.*, 780 F.2d 124, 131-32 (1st Cir. 1985) (joinder considered more practicable when all members are from same geographic

area and can be easily identified).  Communication by Jackson's attorneys with the other putative class members is no more difficult than communication with Jackson himself.  The proposed class members have the ability to institute individual suits or intervene in the present matter.  All proposed class members already have court-appointed counsel representing them at the various stages of their post-conviction challenges to their convictions and sentences.  Thus, the proposed class members can not plausibly be said to be ignorant of their legal rights when they are all represented by counsel.

The members of the proposed class are nothing like those of pre-trial detainees in *Inmates of Lycoming County Prison v. Strode*, 79 F.R.D. 228 (M.D. Pa. 1978).  The daily composition of a pre-trial prison population is dependent on the number of arrests made by police, a detainee's ability to post bail, and the speed with which the individual detainee's criminal case proceeds through the justice system.  Jackson's assertions to the contrary notwithstanding, the population of inmates under a sentence of death in Delaware is largely static, and any additions to that population can be readily anticipated.  Death penalty cases receive extensive media coverage, and trials often last weeks, if not months.  "Surprise" additions to death row are simply not possible. As to their financial resources, most, if not all, of the other death-sentenced inmates can proceed *in forma pauperis* pursuant to 28 U.S.C. §1915.  If the fifteen other Delaware inmates sentenced to death are joined as party plaintiffs, judicial economy is served.  Therefore, a proposed class of sixteen inmates is not so numerous that joinder is impracticable.  *See Flowers v. Webb*, 575 F. Supp. 1450, 1458 (E.D.N.Y. 1983).

Defendants do not contest that Jackson's putative class meets the commonality requirement under Rule 23(a)(2).  Nor do Defendants assert that Jackson's claims are

atypical of the putative class under Rule 23(a)(3).  Finally, Defendants acknowledge the adequacy of Jackson's counsel under Rule 23(a)(4).  Turning to Rule 23(b)(1), Defendants take no position whether maintaining individual actions would create a risk of inconsistent adjudications of the putative class' claims or would be dispositive of a potential plaintiff's rights.  Defendants acknowledge that the State's lethal injection practices have basic applicability to any individual subject to the death penalty, and therefore do not dispute the instant motion under Rule 23(b)(2).  Though Jackson's motion satisfies all of the requirements for class certification except numerosity, numerosity remains an element that Jackson must meet under Rule 23, even in the context of a complaint that seeks only prospective injunctive relief.  *See Gurmankin v. Costanzo*, 626 F.2d 1132, 1135 (3d Cir. 1980).

      Wherefore, Defendants request that this Court deny Jackson's motion for class certification on the basis that it fails to satisfy the numerosity requirement of Federal Rule of Civil Procedure 23(a)(1).

           STATE OF DELAWARE
           DEPARTMENT OF JUSTICE

           /s/_____
           Loren C. Meyers, ID No. 2210
           Gregory E. Smith, ID No. 3869
           Deputy Attorneys General
           820 North French Street, 6th Floor
           Carvel State Building
           Wilmington, Delaware  19801
           (302) 577-8398
           Attorneys for Defendants Taylor,
Dated: December 29, 2006           Carroll, and Howard

## CERTIFICATION OF SERVICE

The undersigned certifies that on December 29, 2006, he electronically filed the attached *Opposition to Motion for Class Certification* with the Clerk of Court using CM/ECF which will send notification of such filing to the following registered participant:

>Michael Wiseman, Esq.
>Assistant Federal Defender
>Suite 545 West—The Curtis Center
>Philadelphia, PA  19106
>Attorney for Robert Jackson

>STATE OF DELAWARE
>DEPARTMENT OF JUSTICE
>
>/s/_____
>Gregory E. Smith, ID # 3869
>Deputy Attorney General
>820 North French Street, 6th Floor
>Carvel State Building
>Wilmington, Delaware 19801
>(302) 577-8398