IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| ROBERT W. JACKSON, III, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Civ. No. 06-300-SLR |
| | ) |
| CARL C. DANBERG, | ) |
| THOMAS L. CARROLL, PAUL | ) |
| HOWARD, OTHER UNKNOWN STATE | ) |
| ACTORS RESPONSIBLE FOR AND | ) |
| PARTICIPATING IN THE CARRYING | ) |
| OUT OF PLAINTIFF'S EXECUTION, | ) |
| all in their individual and | ) |
| official capacities,[1] | ) |
| | ) |
| Defendants. | ) |

Maureen Kearney Rowley, Chief Federal Defender.  Michael Wiseman,
Helen Marino and Megan McCracken, Assistant Federal Defenders,
Federal Community Defender for the Eastern District of
Pennsylvania, Capital Habeas Corpus Unit, Philadelphia
Pennsylvania.  Counsel for Plaintiff.

Loren C. Meyers, Deputy Attorney General and Gregory E. Smith,
Deputy Attorney General, State of Delaware Department of Justice.
Wilmington, Delaware.  Counsel for Defendants.

**MEMORANDUM OPINION**

Dated:  February 22, 2007
Wilmington, Delaware

---

[1]The caption has been changed to reflect "Carl C. Danberg"
as Commissioner of the Delaware Department of Correction, in
place of "Stanley W. Taylor, Jr."  The parties are directed to
advise the court if any other of the individuals should be
changed to reflect the current holders of the positions
represented in the caption.

ROBINSON, Chief Judge

## I. INTRODUCTION

Plaintiff Robert Jackson instituted this 42 U.S.C. § 1983 action challenging aspects of defendants' methods for carrying out lethal injection as violative of the Eighth Amendment of the United States Constitution.[2] (D.I. 2) Before the court is plaintiff's motion for an order certifying a state-wide class pursuant to Fed. R. Civ. P. 23(a),(b)(1) & (2), consisting of all current and future prisoners in the custody of the Delaware Department of Correction who are, or will be, sentenced to death.[3] (D.I. 26) Plaintiff's counsel moves to be appointed as class counsel.[4] Although defendants oppose the motion, they acknowledge that the requirements for class certification have all been satisfied except for "numerosity". (D.I. 28) Oral argument to address the practical implications posed by plaintiff's motion was conducted on February 8, 2007. (D.I. 30)

## II. STANDARD OF REVIEW

---

[2]Contemporaneously, plaintiff moved for a preliminary injunction to stay his scheduled execution. (D.I. 6) On May 9, 2006, the court entered an order enjoining defendants from carrying out plaintiff's execution until further order. (D.I. 9)

[3]There are 16 inmates presently under a sentence of death. (D.I. 28, fn.1)

[4]Plaintiff also submitted a proposed "Notice to the Class" to be distributed individually to current class members and to be posted prominently in the facility in which the putative class is incarcerated. (D.I. 26, ex. 1)

A district court has broad discretion to grant or deny class certification. Eisenberg v. Gagnon, 766 F.2d 770, 785 (3d Cir. 1985). The court does not inquire into the merits of the lawsuit when determining whether it may be maintained as a class action. Eisen v. Carlisle and Jacquelin, 417 U.S. 156, 177 (1974). However, the court must conduct a limited preliminary inquiry, examining beyond the pleadings, to determine whether common evidence could suffice to make out a prima facie case for the class. General Tel. Co. of Southwest v. Falcon, 457 U.S. 147, 160 (1982); Newton v. Merrill Lynch, Pierce, Fenner & Smith, Inc., 259 F.3d 154, 167 (3d Cir. 2001).

The party seeking class certification bears the burden of establishing that certification is warranted under the circumstances. In re ML-Lee Acquisition Fund II, L.P. Sec. Litig., 848 F. Supp. 527, 557 (D. Del. 1994). Rule 23 of the Federal Rules of Civil Procedure sets forth the requirements for certification of a class. Four requirements must be satisfied in order for a class to be certified under Rule 23(a). Amchem Prods. Inc. v. Windsor, 521 U.S. 591, 613 (1997). These requirements are: (1) the class is so numerous that joinder of all members is impracticable ("numerosity"); (2) there are questions of law or fact common to the class ("commonality"); (3) the claims or defenses of the representative parties are typical of the claims or defenses of the class ("typicality"); and (4)

2

the representative parties will fairly and adequately protect the interests of the class. In re: Warfarin Sodium Antitrust Litigation, 212 F.R.D. 231, 246 (D. Del. 2002). Plaintiff bears the burden to "establish that all four requisites of Rule 23(a) and at least one part of Rule 23(b) are met." Baby Neal v. Casey, 43 F.3d 48, 55 (3d Cir. 1994).

## III.  DISCUSSION

### A.  Numerosity

The factors to consider with respect to the numerosity requirement are (1) the size of the class, (2) the expediency of joinder, and (3) the practicality of multiple lawsuits. ML-Lee, 848 F. Supp. at 558. Plaintiff's putative class would potentially have 16 members. The number of class members is fluid, argues plaintiff, because new members are added (due to new death sentences) and deleted (by death) on a regular basis. (D.I. 27) For example, over the last 12 months, two inmates were added to death row while two other inmates were granted relief that removed them from death row, representing a 25% change in the composition of the class. (Id. at 3)

Defendants counter that 16 potential members is an insufficient number of class members to satisfy the numerosity requirement and individual joinder of the other 15 death row inmates to plaintiff's action is not impracticable. (D.I. 28) Because all putative class members have counsel appointed for

3

representation in their respective post-conviction challenges, defendants assert that these attorneys can assist in filing individual suits similar to plaintiff's or could intervene in the action at bar.

It is clear that there is no rigid minimum number of class members necessary to warrant certification. In re Daimler Chrysler AG Securities Litigation, 216 F.R.D. 291, 295 (D. Del. 2003); Manning v. Princeton Consumer Discount Company, Inc., 390 F. Supp. 320, 324 (E.D. Pa. 1975). And the numerosity requirement has been relaxed in cases like this where injunctive and declaratory relief is sought by the class. Grant v. Sullivan, 131 F.R.D. 436, 446 (E.D. Pa. 1990) citing Weiss v. York Hospital, 745 F.2d 786, 808 (3d Cir. 1984)). Accordingly, the court concludes that the putative class of 16 members is sufficient, especially considering that, as long as the death penalty is a viable sanction, the class possesses the potential to increase at random. To that end, although the identity of the members of the putative class may change, the defining characteristics and the parameters of the class will remain the same.

While defendants have opposed this motion primarily based on their assertion that joinder is possible and, alternatively, that each death row inmate can proceed with individual actions on the same claims, the court is not convinced that proceeding in either

4

fashion will result in consistent adjudications or will be the
most prudent course to conserve scarce judicial resources.
Specifically, defendants have not presented any practical reason
for the court to deny certification nor have they addressed how
to deal with the morass of problems associated with adding and
removing parties from on-going litigation at various stages of
litigation, nor how to ensure that judicial determinations are
consistently and evenly applied.  It is likewise dubious that
counsel appointed to represent the respective death row inmates
for post-conviction relief could be appointed for representation
in the civil rights actions.  In contrast, plaintiff's counsel
are willing to assume representation of the class without seeking
fees or costs.[5]

## B.  Remaining Requirements of Rule 23(a)

Since defendants concede that plaintiff has satisfied the
remaining requirements of Rule 23(a), it is unnecessary to
discuss these factors at length.  Plaintiff has demonstrated the
commonality requirement; the issues before the court are whether
aspects of Delaware's method for carrying out lethal injection

---

[5]According to plaintiff, his counsel are "experienced
counsel employed by the Capital Habeas Corpus Unit of the Federal
Community Defender for the Eastern District of
Pennsylvania...[t]hey possess special expertise in capital
jurisprudence and with regard to the Eighth Amendment and civil
rights issues that will arise in this case."  (D.I. 27 at 11)
Defendants do not challenge counsel's qualifications.  (D.I. 28)

violate the Eighth Amendment. These issues will be resolved by a common set of facts. Baby Neal, 43 F.3d at 56.

The typicality requirement is satisfied because the injunctive relief sought to stop unconstitutional practices related to lethal injection will benefit the entire class and will not adversely affect the right of any absent class member. In re Prudential Ins. Co., 148 F.3d 283, 311 (3d Cir. 1998)("The typicality requirement is designed to align the interests of the class and the class representatives so that the latter will work to benefit the entire class through the pursuit of their own goals."); Baby Neal, 43 F.3d at 58 ("Actions requesting declaratory and injunctive relief to remedy conduct directed at the class clearly fit the mold").

The representative parties will adequately protect the interests of the class because moving counsel are qualified, experienced in this area of the law, and ably equipped to pursue this class action. Morever, plaintiff is an adequate representative of the proposed class because he shares the same issues of ensuring a constitutionally sufficient execution and his interests do not conflict with members of the putative class. Wetzel v. Liberty Mutual Insurance Co., 508 F.2d 239, 247 (3d Cir. 1975).

**C. Requirements of Rule 23(b)(1) and (2)**

6

The proposed class passes muster under Rule 23(b)(1) because allowing individual actions would create a risk of inconsistent decisions  based on the same facts and law, which could be dispositive of plaintiff's individual rights.[6] Moreover, the putative class satisfies Rule 23(b)(2) because the court's decisions on the lethal injection issues should apply to all sentenced to death.

## D. Notice to the Class

Plaintiff's proposed Notice to the Class is appropriate and necessary to formally advise the potential class members of their rights in this litigation.  There has been no showing that posting this information in an area accessible to death row inmates will pose any problem or concern.

## E. Appoint Counsel

Michael Wiseman, Helen Marino and Megan McCracken, of the Capital Habeas Corpus Unit, Federal Community Defender Office for the Eastern District of Pennsylvania, are appointed counsel for the class.

## IV. CONCLUSION

---

[6]Defendants "take no position whether maintaining individual actions would create a risk of inconsistent adjudications of the putative class' claims or would be dispositive of a potential plaintiff's rights."  (D.I. 28 at 5)  Defendants do not dispute that Rule 23(b)(2) is satisfied because the State of Delaware's lethal injection practices apply to any inmate subject to the death penalty.

7

An order consistent with this memorandum opinion shall issue.