IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| ROBERT W. JACKSON, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | C.A. No. 06-300-SLR |
| | ) | |
| CARL DANBERG, et al., | ) | |
| | ) | |
| Defendants. | ) | |

DEFENDANTS' MOTION FOR PROTECTIVE ORDER

Pursuant to Rule 26(c) of the Federal Rules of Civil Procedure, Defendants move for a protective order to prevent the discovery and disclosure of the identity of individuals involved in the administration of the lethal injection procedure. In support of this motion, Defendants offer the following:

1. The parties have been engaged in discovery in this matter for several months. Generally, the discovery process has been an amicable one. As part of the Plaintiff's First Discovery Request (attached), at paragraph 11, Plaintiff requested "Please describe each member of the execution team for all past executions and any future executions, including, but not limited to an anonymous description of each participant involved in the administration of the lethal injection procedure (names may be redacted for privacy), whether each participant is a DOC Staff member, the job title or profession of each participant, the responsibilities of each participant with regard to the lethal injection procedure, the credentials of each participant, and a description of the extent of medical training, if any, of each of the participants." Defendants responded to this discovery request and have cooperated in setting up depositions of the John and Jane Does. In

response, Defendants identified the participants of the lethal injection team as either "John Doe" or "Jane Doe," followed by a corresponding number to distinguish among them. Defendants have also arranged the scheduling of depositions of the John and Jane Does.

2. The deposition of John Doe II took place on Monday, May 21, 2007. At this deposition, Plaintiff's counsel orally advised the undersigned that Plaintiff would apply to the Court for an order directing Defendants to disclose the identities of the anonymously referenced execution participants.

3. Based on the deposition of John Doe II, it would appear that Plaintiff hopes to compromise the identity of the members of the injection team. Defendants have made available to Plaintiff the substantive information concerning the execution participants, including making them available for deposition. Plaintiff has the opportunity to learn the participants' training and background, and to question them individually about their role in previous executions. Any effort to reveal the identity of the execution participants serves no legitimate litigation purpose. Attempting to learn the identities of the execution participants can only serve to harass, annoy, or embarrass those persons.

4. Federal Rule of Civil Procedure 26(c) allows, upon motion by a party and for good cause shown, the Court to make any order necessary to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense. When "the burden or expense of proposed discovery outweighs its likely benefit, taking into account the needs of the case, the amount in controversy, the parties' resources, the importance of the issues at stake in the litigation, and the importance of the proposed discovery in resolving the issues," the Court may limit discovery requests. FED. R. CIV. P.

26(b)(2)(iii). *See also* Fed. R. Evid. 611(a)(3) ("The court shall exercise reasonable control over the mode and order of interrogating witnesses and presenting evidence so as to protect witnesses from harassment or undue embarrassment"). Protective orders provide a safeguard for parties and other persons in light of the otherwise broad reach of discovery. FED. R. CIV. P. 26(c), Advisory Comm. Notes (1970); *United States v. CBS, Inc.*, 666 F.2d 364, 368-69 (9th Cir. 1982). In determining whether good cause exists for the protective order, the Court must balance the interests in allowing discovery against the relative burdens to the parties and non-parties. *In re Coordinated Pretrial Proceedings*, 669 F.2d 620, 623 (10th Cir. 1982); *see also Wood v. McEwen*, 644 F.2d 797, 801 (9th Cir. 1981).

    5. In this case, good cause exists to protect the identities of the lethal injection team. Like abortion,[1] the issue of capital punishment can evoke strong emotional responses from the community. Even among those that favor the death penalty, there can be a certain stigma toward those persons who actually participate in an execution. Because of the social stigma and the controversial nature of capital punishment, the members of the lethal injection team can be subject to social ostracism and harassment. In recognition of these negative side effects of participating in the execution process, executioners have historically been granted anonymity. Some states have enacted statutes to require the confidentiality of executioners. *See, e.g.*, ARIZ. REV. STAT. § 13-704(C) (2005); 725 ILL. COMP. STAT. ANN. 5/119-5(e) (West 2003) ("[T]he identity of executioners . . . and information contained in records that would identify those persons shall remain confidential, shall not be subject to disclosure, and shall not be admissible as

---

[1] *See, e.g., Carhart v. Ashcroft*, 300 F.Supp.2d 921 (D. Neb. 2004).

evidence or be discoverable in any action of any kind in any court or before any tribunal, board, agency, or person."); KAN. STAT. ANN. § 22-40001(b) (2004); KY. REV. STAT. ANN. § 45A.720 (2005); MONT. CODE ANN. § 46-19-103(5) (1999); N.J. STAT. ANN. 2C:49-3(b) (West 1983).

  6. Not only does the disclosure of the identities of the lethal injection team subject the participants to harassment and social embarrassment, the security of both the individuals and the execution process is jeopardized. As noted by the Supreme Court, "central to all other corrections goals is the institutional consideration of internal security within the corrections facilities themselves." *Pell v. Procunier*, 417 U.S. 817, 823 (1974). Thus, in determining the potential ramifications to the prison population and staff of accommodating a competing right, a court must give particular deference to the discretionary judgments of corrections staff. *Turner v. Safley*, 482 U.S. 78, 90 (1987); *Hobbs v. Pennell,* 754 F. Supp. 1040, 1047 (D. Del. 1991). "Security-related decisions by correctional authorities are to be reviewed only for reasonableness; if the decision is rational, a reviewing court should not engage in any additional balancing that substitutes its judgment for that of prison officials." *State v. Clark*, 1996 WL 33324127, *4 (Del. Super. Apr. 11, 1996) (citing *Block v. Rutherford,* 468 U.S. 576, 589 (1984); *Thorne v. Jones,* 765 F.2d 1270, 1275 (5th Cir. 1985)). If inmates discovered the identity of the members of the lethal injection team, this would create a serious security problem for the Department of Correction. Consistent with the Supreme Court's direction in *Turner* to give substantial deference to security assessments made by prison administrators, 482 U.S. at 90, this Court should give substantial weight to the Defendants' assessment of security issues.

7. Moreover, while the detrimental impact of disclosure to the lethal injection team and the Department of Correction is great, the prejudice to Plaintiffs is *de minimus*. Defendants have cooperated in providing Plaintiffs access to the members of the lethal injection team. Plaintiffs were able to question John Doe II as to his qualifications, experience, training and type of employment. Other than information that would lead to the disclosure of John Doe II's identity, Plaintiffs were not restricted in the areas of examination at the deposition. Revelation of John Doe II's identity could provide no legitimate benefit to plaintiffs in this litigation. The same can be said for disclosure of the identity of any of the remaining members of the lethal injection team, or the physician who pronounces the death of the condemned. *Cf. Northwestern Memorial Hosp. v. Ashcroft*, 362 F.3d 923, 927 (7th Cir. 2004) (contrasting the dearth of probative value "with the potential loss of privacy that would ensue" if certain information was disclosed and concluding that "the balance of harms resulting from disclosure severely out-weighs the loss . . . through non-disclosure.").

8. Finally, Defendants have provided, and will continue to provide, alternative means for obtaining relevant information from the John and Jane Does. In litigation identical to this case, federal and state courts have maintained the anonymity of those persons participating in executions. *See, e.g., Evans v. Saar*, 412 F. Supp. 2d 519, 524 (D. Md. 2006) ("Because of the controversy surrounding executions, the State reasonably withholds the names of the Execution Team members except for the Warden, who serves as Execution Commander."); *Taylor v. Crawford*, 445 F.3d 1095, 1097 (8th Cir. 2006) (protective order granted requiring State to provide responses concerning practices and qualifications of medical personnel who have participated in executions, but without

disclosing their identities or confidential information); *Timberlake v. Donahue*, 2007 WL 141950 (S.D. Ind. 2007); *Morales v. Tilton*, 2006 WL 3953137 (N.D. Cal. 2006); *Workman v. Campbell*, 2002 WL 869963, *6 (Tenn. Ct. App. 2002); *Provenzano v. State*, 761 So.2d 1097, 1099 n. 4 (Fla. 2000) (record evidence of qualifications of persons who performed lethal injection should be heard *in camera* and placed under seal); *Bryan v. State*, 753 So.2d 1244, 1253 (Fla. 2000) (identity of execution participants exempt from public records disclosure law in case where DOC revealed substantive information concerning qualification and training of participants).

9. The application should accordingly be granted. Defendants submit herewith a proposed order.

                STATE OF DELAWARE
                DEPARTMENT OF JUSTICE


                /s/ Loren C. Meyers, ID No. 2210
                /s/ Elizabeth R. McFarlan, ID No. 3759
                /s/ Gregory E. Smith, ID No. 3869
                Deputy Attorneys General
                820 North French Street, 7th Floor
                Carvel State Building
                Wilmington, Delaware 19801
                (302) 577-8500
                Attorneys for Defendants

Dated: May 24, 2007

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| ROBERT W. JACKSON, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) C.A. No. 06-300-SLR |
| | ) |
| CARL DANBERG, et al., | ) |
| | ) |
| Defendants. | ) |

STATEMENT OF COUNSEL PURSUANT TO LOCAL RULE 7.1.1

COMES NOW, Deputy Attorney General Gregory E. Smith, Counsel for Defendants, and pursuant to D. Del. LR 7.1.1 does hereby make the following statement:

1. The undersigned has spoken with counsel for Plaintiff, and reports that the instant Motion is opposed.

STATE OF DELAWARE
DEPARTMENT OF JUSTICE

/s/ Gregory E. Smith, I.D. No. 3869
Deputy Attorney General
820 North French Street, 7th Floor
Carvel State Building
Wilmington, Delaware 19801
(302) 577-8398

Dated: May 24, 2007

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| ROBERT W. JACKSON, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | C.A. No. 06-300-SLR |
| | ) | |
| CARL DANBERG, et al., | ) | |
| | ) | |
| Defendants. | ) | |

**ORDER**

**WHEREAS,** Defendants having requested a motion for protective order pursuant to Federal Rule of Civil Procedure 26; and

**WHEREAS,** there being good cause shown for the granting of such motion;

**IT IS HEREBY ORDERED**, this _____ day of _____, 200__, that Defendants' Motion for Protective Order is granted. Defendants shall continue to make available previous members of the lethal injection team, disclosing their qualifications and training. Plaintiff, however, shall not seek nor, if otherwise discovered, reveal the identities of the members of the lethal injection team or of the physician who pronounced the death of the condemned. The deposition of the physician shall be sealed.

                                                                                         Sue L. Robinson
                                                                                         Chief Judge
                                                                                         United States District Court

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| ROBERT W. JACKSON, III,<br><br>Plaintiff,<br><br>vs.<br><br>STANLEY W. TAYLOR, JR., Commissioner, Delaware Department of Correction; THOMAS L. CARROLL, Warden, Delaware Correctional Center; PAUL HOWARD, Bureau Chief, Bureau of Prisons; and OTHER UNKNOWN STATE ACTORS RESPONSIBLE FOR AND PARTICIPATING IN THE CARRYING OUT OF PLAINTIFF'S EXECUTION, All in their Individual and Official Capacities,<br><br>Defendants. | Civil Action No.<br>06-cv-300<br><br>Chief Judge Sue L. Robinson |

**Plaintiff's First Discovery Request**

Pursuant to Fed.R.Civ.P. 26, Plaintiff hereby requests Defendants provide the following documents to counsel for Plaintiff.

A.    Instructions

1.    For the purposes of this Discovery Request, the terms "documents"and "reports" are intended to include – without limitation – any and all written, typed, printed, recorded, graphic, or computer-generated material, or other material of any kind from which information can be derived, whether produced, reproduced, or stored on paper, cards, tapes, film, electronic facsimiles, computer storage devices, or any other medium. The terms include – without limitation – letters, memoranda (including internal memoranda), calendars, schedules, books,

1

indices, notes, printed forms, publications, press releases, notices, minutes, summaries, abstracts, reports, files, transcripts, computer tapes, printouts, drawings, photographs, recordings (video or audio), telegrams, and telefax messages, as well as any reproductions thereof that differ in any way from any other reproduction, such as copies containing notes and/or other marginalia.

    2.    If any records or documents pertaining to this request are withheld for any reason, please make an inventory and complete copy of the withheld records; provide us with a copy of the inventory, as well as the specific reason for non-disclosure of each item; and preserve a complete copy to enable subsequent judicial review. See Fed.R.Civ.P. 26(b)(5) ("When a party withholds information otherwise discoverable under these rules by claiming that it is privileged or subject to protection as trial preparation material, the party shall make the claim expressly and shall describe the nature of the documents, communications, or things not produced or disclosed in a manner that, without revealing information itself privileged or protected, will enable other parties to assess the applicability of the privilege or protection.").

B.    Discovery Requests

    3.    A copy of the current execution protocol used by Defendants to carry out an execution by lethal injection.

    4.    A copy of all prior execution protocols used by Defendants to carry out an execution by lethal injection.

    5.    Copies of any and all documents maintained by Defendants relating to lethal injection and its administration, including, but not limited to, all DOC regulations describing all aspects of the administration of the current lethal injection protocol.

    6.    Any and all documents relating to the administration of lethal injection that

describe any revisions in the process from its inception to the present, including, but not limited to, the process for revising the lethal injection protocols and who may make such revisions;

  7. Copies of all autopsy reports for each execution accomplished by lethal injection from its inception to date, including all photographs, lab work, bench notes, or other writings generated by those who performed or assisted in autopsies.

  8. Copies of any and all reports, records, or other documents, in any form, pertaining in any way to toxicology screens conducted upon any inmate executed by lethal injection.

  9. Any and all documents describing the amounts and concentrations of all chemical substances used during the execution by lethal injection, including any factors taken into consideration by the DOC in determining the dosage of the chemicals to be used, including but not limited to: the weight, age, or physical condition of the inmate; any medications the inmate may have taken prior to commencement of the execution procedure; and the relation between the timing of the lethal injection and the time and quantity of food last ingested by the inmate.

  10. Any and all DOC documents regarding the actual execution by lethal injection – including all preparations before the execution, and all autopsies after execution – for all executions by lethal injection carried out by Defendants, beginning with the execution of Steven Brian Pennell on March 14, 1992, up to and including the execution of Brian D. Steckel on November 4, 2005.

  11. a.) Any and all documents that describe the execution team for all past executions and any future executions, including, but not limited to, an anonymous description of each participant involved in the administration of the lethal injection procedure (names may be redacted for privacy), whether each participant is a DOC staff member, the job title or profession

3

of each participant, the responsibilities of each participant with regard to the lethal injection procedure, the credentials of each participant, and a description of the extent of medical training, if any, of each of the participants.

    b.)  Alternatively, if no such documents exist, Plaintiff propounds the following interrogatory: Please describe each member of the execution team for all past executions and any future executions, including, but not limited to, an anonymous description of each participant involved in the administration of the lethal injection procedure (names may be redacted for privacy), whether each participant is a DOC staff member, the job title or profession of each participant, the responsibilities of each participant with regard to the lethal injection procedure, the credentials of each participant, and a description of the extent of medical training, if any, of each of the participants.

  12.  Any and all documents from the DOC relating to the standard of care for inmate patients requiring surgery, including any contracts with any medical providers, the names of any company or individual anaesthesiologists retained for such surgical procedures, the qualifications of such anaesthesiologists, and whether inmates on death row are subject to a different standard of care from other inmates.

  13.  Any other notes (printed, typed, or handwritten), reports, statements, photographs, supplemental reports, initial reports, memoranda, scientific reports, tapes of statements, interview notes, interview summaries, narratives, affidavits, files, audio and video recordings, drawings, sketches, physical evidence, inventory logs, chronologies, summaries, witness statements, witness interviews, and witness affidavits that are responsive to the forgoing requests; alternatively, a list of the responsive documents and a supporting authority for its non-disclosure.

14. In addition to the above-listed documents, Plaintiff requests that counsel be permitted to tour the execution chamber at the Delaware Correctional Center in Smyrna and to take photographs and video footage of the execution chamber, the lethal injection facilities, and any other areas or materials related to the administration of the lethal injection procedure. See Fed.R.Civ.P. 34; 26(a)(5).

Respectfully Submitted,

/s/
Michael Wiseman
Helen Marino
Megan McCracken
Assistant Federal Defenders
Federal Community Defender for the
Eastern District of Pennsylvania
Capital Habeas Corpus Unit
Suite 545 West – The Curtis Center
Philadelphia, PA 19106
215-928-0520

Counsel for Plaintiff, Robert W. Jackson, III

Dated: Philadelphia, PA
       July 26, 2006

## CERTIFICATION OF SERVICE

The undersigned certifies that on May 24, 2007, she electronically filed the attached *Motion for Protective Order* with the Clerk of Court using CM/ECF which will send notification of such filing to the following registered participant:

Michael Wiseman, Esq.
Assistant Federal Defender
Suite 545 West—The Curtis Center
Philadelphia, PA 19106
Attorney for Robert Jackson

STATE OF DELAWARE
DEPARTMENT OF JUSTICE

/s/ Elizabeth R. McFarlan, ID # 3759
Deputy Attorney General
820 North French Street, 7th Floor
Carvel State Building
Wilmington, Delaware 19801
(302) 577-8500