IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

―――――――――――――――――――――――――

|  |  |  |
|---|---|---|
| ROBERT W. JACKSON, III, | : | **Civil Action No.** |
|  | : | 06-CV-300 |
| Plaintiff, | : |  |
|  | : |  |
| -against- | : | **Chief Judge Sue L. Robinson** |
|  | : |  |
| CARL C. DANBERG, et al., | : | **Electronically Filed** |
|  | : |  |
| Defendants. | : |  |
| ――――――――――――――――――――― | : | **CLASS ACTION** |

**PLAINTIFFS' MOTION TO AMEND
THE DISCOVERY SCHEDULE AND
FOR A NEW TRIAL DATE**

Plaintiffs, through undersigned counsel, hereby move to amend the current discovery schedule and for a new trial date. In support of this Motion, Plaintiffs state the following.

1.     This civil rights action was filed on behalf of Robert W. Jackson, III on May 8, 2006. In addition to the Complaint, Plaintiff filed a Motion for Preliminary Injunction.

2.     On May 9, 2006, the Court issued a preliminary injunction against the carrying out of Plaintiff Jackson's execution (document # 9). In order to determine whether the Court had jurisdiction over this matter, the parties agreed on the same date to stay the litigation pending the Supreme Court decision in Hill v. McDonaugh, 126 S.Ct. 2096 (June 12, 2006).

3.     Following the decision in Hill, this Court issued a Scheduling Order on October 3, 2006 (document # 15) containing deadlines that are the subject of this Motion.

4.     Following litigation regarding Plaintiff's Motion for Class Certification, this Court ordered that this matter be certified as a class action on February 23, 2007 (document # 33).

1

5.    Since the issuance of the Court's order, the parties have fully cooperated in conducting required discovery. There have been no significant disputes, and as a general matter the discovery process has proceeded at a reasonable pace. However, for reasons that are not attributable to the fault of either side, the discovery deadlines initially ordered by the Court will not permit completion of necessary discovery.

6.    Defendants have thus far produced approximately 2,500 pages of documents (consisting of logs, autopsies, protocols and other records pertaining to each Delaware execution). The defendants have permitted Plaintiffs and one of their experts to tour the death facility. Plaintiffs have deposed eight fact witnesses, including the current and former Commissioner of Correction, the Warden and two deputy wardens at DCC Smyrna, the two current executioners, and the physician in attendance at each execution. Scheduled for next week are the depositions of a former executioner and the Department of Correction employee who has been the leader of the execution team for each execution.

7.    These depositions have proceeded smoothly and the parties have encountered difficulty only in finding convenient times for each witness and respective counsel.

8.    The following people have not yet been scheduled for deposition primarily because they are unavailable or Defendants are having difficulty locating them: Former Warden Snyder, John Doe # 1 (former executioner) and Jane Doe #2 (former executioner). Former Warden Snyder has been particularly difficult to schedule because of a long period when he will be out of the country.

9.    It has also been difficult to obtain availability for the deposition of the parties respective primary experts, Dr. Mark Heath and Dr. Mark Dershwitz. Each doctor maintains a regular teaching schedule and clinical practice at their respective medical schools, and each has

expert witness responsibilities in similar litigation around the country, and their time is quite limited. The parties are exploring traveling to the experts locations and conducting depositions on weekends in order to accommodate their tight schedules.

10.     In addition to the already-identified depositions, Plaintiffs have recently identified additional experts (presumably with the need for additional depositions).  Based on information recently learned during the discovery process, Plaintiffs will be requesting a small number of additional fact depositions, such as for the Department of Correction physician who at least one executioner has testified is involved in executions.  Additionally, Plaintiffs have retained three new experts to provide testimony in response to information garnered in recent depositions.  These include an expert in light engineering (this expert will opine on the appropriateness of the level of light in the area in which the lethal drugs are mixed and administered, in view of deposition testimony that the lights in the area are turned off for all or most of the execution); a pharmacology/toxicology expert to opine on the effects of each administered drug; and an expert in patient safety practices, who will provide an opinion on the likelihood of mishaps under the conditions in which executions are carried out.  Plaintiff has also identified a local anesthesiologist who will provide an opinion that Defendants do not comply with local Delaware standards. Plaintiffs will be provide reports from these recently identified experts shortly, and, as noted, it is expected that the Defendants presumably will wish to depose each.

11.     Under the current scheduling order, the parties are to have completed discovery by June 30, 2007.  Motions in limine are set to be filed by June 5, 2007, and a pre-trial conference is scheduled for June 20, 2007.  The parties are in agreement that the current schedule is not workable in view of the remaining discovery.

12.     Based on the work remaining to be done Plaintiffs propose an amendment of the discovery schedule as follows: all fact discovery be completed by July 31, 2007; expert discovery (reports and depositions) be completed by September 30, 2007.[1]  Plaintiffs further propose that the Court reset the schedule for motions in limine, the pre-trial conference and the trial for any dates after September 30.

13.     Defendants are in agreement with Plaintiffs that the current discovery deadline should be extended and have proposed to Plaintiff that fact discovery be completed by July 31 and expert depositions be completed by August 17, 2007.  They propose a new pre-trial conference date between August 17 and September 4, and that the current trial date of September 4 remain in place.

14.     It is thus apparent that the parties are not far apart in their views of the time needed to complete discovery, and Plaintiffs appreciate Defendants' willingness to alter the deadlines in part.   However, Plaintiffs would submit that Defendants are not realistic about the ability to accomplish the deposition of even the already identified experts (Dr. Heath and Dr. Dershwitz).  As stated above, both doctors maintain full teaching schedules and are extremely busy.  Both Plaintiffs and Defendants have encountered difficulty scheduling their respective experts for, among other reasons, the doctors themselves do not know their hospital schedules far in advance.  For instance, at this time neither doctor knows their July and August schedules.  Indeed, Defendants have not been able to pin down a time for making Dr. Dershwitz available for deposition.  Moreover, in view of the new matters that Plaintiffs believe must be accomplished, Defendants' counter proposal will  not

---

[1]In a prior communication with Defendants' counsel, Plaintiffs suggested that fact discovery be completed by the end of August.  However, in drafting this *Motion* and weighing the remaining fact and expert work to be done, Plaintiffs modify their request to provide an additional 30 days for expert discovery.

permit completion of the discovery process.

15.    Defendants' counter-proposal also fails to take into account the time lag for production of deposition transcripts, which the reporters have provided in thirty days. This means that under Defendants' proposal, the experts will not have been able to review the last of the deposition before having to give their own depositions.

16.    Plaintiffs have learned much in the discovery process to date. What they have learned and what they will be able to prove is troubling. Delaware's system for carrying out executions is a hodgepodge of practices. No one person thus far deposed seems to know the correct procedure for carrying out an execution; who is ultimately responsible for conducting them; the role of the physician; or even matters as seemingly mundane as the order for mixing of the lethal drugs. Moreover, Plaintiffs counsel have not heard agreement between the witnesses about these subjects. Without rhyme or reason, the amounts of lethal drugs injected differ from execution to execution, and there is an over-arching lack of awareness of this troubling fact. There is no "quality assurance" or post-execution debriefings of those involved to identify the cause of problems, even when such problems have been identified. While Plaintiffs do not expect Defendants to agree with these characterizations, and the Court will have to conclude what import these facts have on Plaintiffs' constitutional claims, they are mentioned here only to demonstrate that this litigation has proven more complex, and the problems with the system more entrenched, than Plaintiffs could have imagined when this litigation started. The small amount of time requested by Plaintiffs is needed in order to insure that all of the relevant facts are brought before this Court in the trial of these most grave claims.

17.    Finally, Plaintiffs are aware that this litigation is potentially holding up the carrying

out of some executions in Delaware and that they ask much of the Court to continue the discovery

and trial schedule.  This request is not made lightly, nor with an eye toward making future requests

for additional time.  Plaintiffs' counsel have devoted significant time and resources (devoting three

attorneys to the effort, including two supervisory attorneys and one supervisory paralegal).

Plaintiffs' counsel have moved with dispatch despite continuing to carry full capital post-conviction

caseloads.  Counsel are well aware that they must move forward with this case in a seasonable

manner and what is at stake.  They make this request in good faith, and in order to provide the class

with the fullest measure of their efforts in order to vindicate these important rights.

WHEREFORE, Plaintiffs request that the Court grant this Motion in full.  A proposed order

is attached.

Respectfully Submitted,

/s/ Michael Wiseman

_____
Michael Wiseman
Helen Marino
Supervisory Assistant Federal Defenders
Megan McCracken
Assistant Federal Defender
Capital Habeas Corpus Unit
Federal Community Defender Office
for the Eastern District of Pennsylvania
Suite 545 West – The Curtis Center
Philadelphia, PA 19106
215-928-0520

Dated:  Philadelphia, PA
        May 30, 2007

**Certificate of Service**

I, Michael Wiseman, hereby certify that on this 30th day of May, 2007 I served the foregoing upon the following person by e-mail and United States Mail:

Loren Myers, Esq. and Gregory E. Smith, Esq.

Office of the Attorney General

820 North French Street, 6th Floor

Carvel State Building

Wilmington, Delaware 19801

/s/ Michael Wiseman

_____

Michael Wiseman

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

_____

| | | |
|---|---|---|
| ROBERT W. JACKSON, III, | : | **Civil Action No.** |
| | : | 06-CV-300 |
| Plaintiff, | : | |
| | : | |
| -against- | : | **Chief Judge Sue L. Robinson** |
| | : | |
| CARL C. DANBERG, et al., | : | **Electronically Filed** |
| | : | |
| Defendants. | : | |
| | : | **CLASS ACTION** |

_____   :

**Certificate of Partial Concurrence**

I, Michael Wiseman, co-counsel for the class in the above captioned matter, have communicated with Gregory Smith, co-counsel for Defendants.  Mr. Smith has indicated that Defendants agree that the discovery schedule should be enlarged (Defendants' position is set forth in the paragraph 13 of the Motion), but they disagree as to the new discovery dates, or for the need to change the trial date.

/s/ Michael Wiseman
_____
Michael Wiseman

Dated: Philadelphia, PA
       May 30, 2007

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

_____          :
ROBERT W. JACKSON, III,                       :          **Civil Action No.**
                                              :            06-CV-300
                    Plaintiff,                :
                                              :
            -against-                         :          **Chief Judge Sue L. Robinson**
                                              :
CARL C. DANBERG, et al.,                      :          **Electronically Filed**
                                              :
                    Defendants.               :
_____          :          **CLASS ACTION**

ORDER

        AND NOW, this ___ day of _____, 2007 upon consideration of *Plaintiffs' Motion to
Amend the Discovery Schedule and for a New Trial Date*, and Defendants' *Answer* thereto, it is
hereby ORDERED:

        Plaintiffs' Motion is GRANTED.

        The current scheduling order is amended as follows:

        All fact discovery shall be completed on or before July 31, 2007;
        All expert discovery shall be completed on or before September 30, 2007;
        Motions in Limine shall be filed on or before _____, 2007;
        A pretrial conference shall be held on _____, 2007;
        The trial shall commence on _____, 2007 and will last for up to one
        week.

        No further extensions of this new schedule shall be entertained absent extraordinary cause
shown.


                                        _____
                                        Sue L. Robinson, U.S.D.J.