IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| ROBERT W. JACKSON, III, et. al. | : | Civil Action No. |
| | : | 06-CV-300 |
| Plaintiffs, | : | |
| | : | |
| -against- | : | Judge Sue L. Robinson |
| | : | |
| CARL C. DANBERG, et. al., | : | |
| | : | Class Action |
| Defendants. | : | |

**PLAINTIFFS' MOTION TO AMEND COMPLAINT
PURSUANT TO RULE 15**

Plaintiffs hereby move for an Order permitting amendment of their pending Civil Rights Complaint to include a new claim for relief. In support of this Motion, Plaintiffs state the following.

1. This action was brought by Plaintiff, Robert Jackson, pursuant to 42 U.S.C. § 1983 seeking a permanent injunction against Defendants with respect to a number of aspects of Delaware's method for carrying out executions by lethal injections.

2. By this Court's order of February 22, 2007, this matter was certified as a class action pursuant to Rule 23, F.R.C.P.

3. Discovery is ongoing with a termination date of September 30, 2007

4. Trial is scheduled for October 9 through 12, 2007.

5. The class hereby moves for an Order permitting it to amend the Complaint to include a pendant state law claim. The proposed amendment alleges that the Defendants have failed to abide by the Delaware Administrative Procedures Act (APA) (29 Del. C. § 10101, et seq.) when promulgating the procedures governing execution by lethal injection. Plaintiffs seek a declaratory

judgment that Defendants have failed to comply with the APA and therefore that the procedures are void, and that execution may not take place until the requirements of the APA are met.

6. As this proposed amendment is offered after the filing of the Defendants' Answer, Rule 15(a), Fed.R.Civ.P. states that amendment may only occur upon consent of the non-moving party, or leave of Court.

7. Counsel for the class have communicated with Defendants' counsel, who have indicated that Defendants oppose this Motion.

8. Plaintiffs allege that under the circumstances herein, they meet the standards for obtaining leave to file the amendment. This is further explained in the accompanying *Memorandum of Law*.

9. A copy of the proposed amendment is attached as an exhibit to this Motion.

WHEREFORE, for the reasons set forth in the accompanying Memorandum of Law, the Class requests that the Court permit the filing of the proposed Amendment.

Respectfully Submitted,

/s/ Michael Wiseman

Maureen Kearney Rowley
Chief Federal Defender
By:  Michael Wiseman
Helen Marino
Megan McCracken
Assistant Federal Defenders
Federal Community Defender
for the Eastern District of Pennsylvania
Capital Habeas Corpus Unit
Suite 545 West – The Curtis Center
Philadelphia, PA 19106
215-928-0520

Counsel for the Class

Dated: Wilmington, Delaware
       August 15, 2007

## Certificate of Service

I, Michael Wiseman, hereby certify that on this 15th day of August, 2007 I served the foregoing upon the following persons by United States Mail, First Class, postage prepaid:

Loren Myers, Esq.
Gregory E. Smith, Esq.
Elizabeth McFarlan, Esq.
Marc Niedzielski, Esq.
Deputy Attorney Generals
820 North French Street, 6th Floor
Carvel State Building
Wilmington, Delaware 19801

/s/ Michael Wiseman
_____
Michael Wiseman

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

|  |  |  |
|---|---|---|
| ROBERT W. JACKSON, III, et. al. | : | Civil Action No. |
|  | : | 06-CV-300 |
| Plaintiffs, | : |  |
|  | : |  |
| -against- | : | **Judge Sue L. Robinson** |
|  | : |  |
| CARL C. DANBERG, et. al., | : |  |
|  | : | **Class Action** |
| Defendants. | : |  |

**PROPOSED AMENDMENT TO COMPLAINT**

Plaintiffs hereby Amend the Complaint in the above-captioned matter as follows.

1. All allegations made in the Complaint are repeated and realleged as if set forth fully herein.

**NATURE OF THE AMENDMENT**

2. This proposed Amendment to the pending Complaint alleges that Defendants are required to comply with the terms of Delaware's Administrative Procedures Act (APA), 11 Del. C. § 11011, et seq., before carrying out an execution. Accordingly, Plaintiffs seek a declaratory judgment from this Court that the manner in which executions are carried out by lethal injection, as reflected in Department of Correction Policies, Bureau of Prison Procedures, and Delaware Correctional Center Procedures, are unlawful and may not be utilized until such time as the Defendants comply with the APA.

**JURISDICTION**

3. Plaintiffs have previously invoked this Court's jurisdiction pursuant to 28 U.S.C. §

1331 (federal question), § 1343 (civil rights violations), § 2201 (declaratory relief), and § 2202 (further relief), to adjudicate this civil rights action brought under 28 U.S.C. § 1983. Plaintiff also invoked this Court's jurisdiction to hear and decide all pendant state law claims.

4.   With respect to the proposed Amendment, plaintiffs further invoke this Court's supplemental jurisdiction pursuant to 28 U.S.C. § 1367 to adjudicate the pendant state law claim presented herein.

## FACTS

5.   Delaware has established an Administrative Procedures Act (APA), found at Title 29 of the Delaware Code, sections 10101, et seq.

6.   On its face, the APA applies to "any [] department ... authorized by law to make regulations." 29 Del. C. § 10102 (1).

7.   Defendants are employed by or hired by a "department," i.e. the Delaware Department of Correction.

8.   A "regulation" is defined by the APA as "any statement of . . . procedure, [or] policy." 29 Del. C. § 10102(7).

9.   The protocol used by Defendants to carry out executions by lethal injections constitutes a policy or procedure and, as such, properly is considered a "regulation" under the terms of the APA.

10.   The APA has a clear scheme governing the promulgation of regulations that are subject to its coverage. 29 Del. C. § § 10113 through 10119 require notice to the public that new regulations are being considered or that amendments to already existing regulations are being considered. These sections require that the text of the proposed amendments be published to the

public, that the public have an opportunity to submit written comments; that the covered department consider public hearings; and that the department publish a summary of the comments or evidence, and its findings of fact with respect to the comments and evidence.

11. 29 Del. C. § 10161 (a) lists all state agencies that are subject to the preceding six sub-chapters of the APA. The Department of Correction is not among those listed.

12. 29 Del. C. § 10161 (b) states that those state agencies not listed in subsection (a) are nonetheless "subject to subchapters I and II" of the APA. Subchapters I and II include the above-described rulemaking sections.

13. Plaintiffs allege that the Defendants are required by the APA to submit the execution procedure to the public review and comment scheme set forth above.

14. Between March 3, 1992 and the present, Defendants have promulgated at least two official DOC Policies, one BOP Procedure, and six DCC Procedures related to executions by lethal injection. As such, through its various permutations, the execution protocol has been labeled as a Policy, a Procedure or as both a Policy and Procedure. Upon information and belief, Defendants have not subjected any of these to review under the applicable provisions of the APA.

15. The APA vests in the Plaintiff class a right to sue in state court to challenge whether the lethal injection procedures were promulgated in accordance with the APA, and therefore such claims may be reviewed by this Court under its supplemental jurisdiction.

### CLAIMS

Defendants' failure to submit the Delaware execution procedures to the public review sections of the Delaware APA is violative of the class' rights under the APA.

**REQUEST FOR RELIEF**

Based upon the above allegations and those contained in the Complaint, Plaintiffs request, in addition to the relief requested in the Complaint, the following relief:

1.Declaratory judgment stating that the Department of Correction's Policies and Procedures regarding execution by lethal injection (most recently Procedure 2.7, State of Delaware, Delaware Correctional Center, Execution Procedure, approved by Warden Thomas L. Carroll on August 1, 2005), were enacted in violation of the Administrative Procedure Act, 29 Del C. § 10101 et. seq., and are therefore invalid.

2.Declaratory judgment stating that any future Policy, Procedure, or any other regulation promulgated by the Department of Correction regarding its protocol for execution by lethal injection must be promulgated in compliance with the requirements of the Administrative Procedure Act, and if it is not, that such Policy, Procedure, or regulation will be invalid until such time as Defendants comply with the Administrative Procedures Act.

Respectfully Submitted,

/s/ Michael Wiseman

_____
Maureen Kearney Rowley
Chief Federal Defender
By: Michael Wiseman
Helen Marino
Megan McCracken
Assistant Federal Defenders
Federal Community Defender
for the Eastern District of Pennsylvania
Capital Habeas Corpus Unit
Suite 545 West – The Curtis Center
Philadelphia, PA 19106
215-928-0520

Counsel for the Class

Dated:  Wilmington, Delaware
        August 15, 2007

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| ROBERT W. JACKSON, III, et. al. | : | **Civil Action No.** |
| | : | **06-CV-300** |
| Plaintiffs, | : | |
| | : | |
| -against- | : | **Judge Sue L. Robinson** |
| | : | |
| CARL C. DANBERG, et. al., | : | |
| | : | **Class Action** |
| Defendants. | : | |

**PROPOSED ORDER**

   And Now, this ___ day of _____, 2007 upon consideration of *Plaintiffs' Motion to Amend Complaint Pursuant to Rule 15*, the attached *Proposed Amendment to Complaint*, *Plaintiffs' Memorandum of Law in Support of Motion to Amend*, and Defendants' responses thereto, it is hereby ORDERED:

  1.  Plaintiffs' Motion to Amend is Granted.

  2.  Plaintiffs shall within 3 days of this Order file with the Clerk of Court the document identified as the *Proposed Amendment to Complaint*.

  3.  Defendants shall file an Answer to the Amendment within 10 days of the filing and service of the Amendment, pursuant to Rule 15(a), Fed.R.Civ.P.

                      _____
                       Sue L. Robinson, USDJ