# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| ROBERT JACKSON, et al. | ) |
| | ) |
| Plaintiffs, | ) |
| | ) |
| v. | ) Civ. A. No. 06-300-SLR |
| | ) |
| CARL DANBERG, et al., | ) |
| | ) |
| Defendants. | ) |

## DEFENDANTS' ANSWERING BRIEF
## IN OPPOSITION TO PLAINTIFFS' MOTION TO AMEND

STATE OF DELAWARE
DEPARTMENT OF JUSTICE

Loren C. Meyers, ID No. 2210
Gregory E. Smith, ID No. 3869
Deputy Attorneys General
820 North French Street, 7th Floor
Carvel State Building
Wilmington, DE  19801
(302)577-8398

Dated:  August 23, 2007

## TABLE OF CONTENTS

<u>Page</u>

TABLE OF CITATIONS..................................................................................................ii

NATURE OF PROCEEDINGS.........................................................................................1

SUMMARY OF ARGUMENT.........................................................................................2

STATEMENT OF FACTS................................................................................................3

ARGUMENT
      I.  JACKSON'S PROPOSED AMENDMENT TO HIS COMPLAINT IS FUTILE AS THE DISTRICT COURT LACKS JURISDICTION TO CONSIDER AN ALLEGED VIOLATION OF STATE LAW BY STATE ACTORS…………………………6

CONCLUSION................................................................................................................10

## TABLE OF CITATIONS

Cases                                                                                                      Page

*Abdur'Rahman v. Bresden*, 181 S.W.3d 292 (Tenn. 2005)…..........................................7

*Evans v. State*, 914 A.2d 25 (Md. 2006)……………………………………………..7

*Ex parte Young*, 209 U.S. 123 (1908)………………………………………………..8

*Grayson v. Mayview State Hosp.*, 293 F.3d 103 (3d Cir. 2002)…………………………..6

*Harmon v. Auger*, 768 F.2d 270 (8th Cir. 1985)………………………………………...8

*In re Blodgett*, 502 U.S. 236 (1992)……………………………………………………...10

*Jackson v. Carroll*, 2004 WL 1192650 (D. Del. 2004)………………………………...5

*Jackson v. Carroll*, 161 F. App'x 190 (3d Cir. 2005)………………………………………..5

*Jackson v. State*, 643 A.2d 1360 (Del. 1994)……………………………………………...3, 4

*Jackson v. State*, 684 A.2d 745 (Del. 1996)……………………………………………….5

*Jackson v. State*, 770 A.2d 506 (Del. 2001)……………………………………………….5

*Leon v. Michigan Board of Ed.*, 807 F.Supp. 1278 (E.D. Mich. 1992)…………………...8

*Middlebrook v. Carroll*, 470 F.Supp.2d 411 (D. Del. 2007)……………………………..6

*Morales v. Tilton*, 465 F.Supp.2d 972 (N.D. Cal. 2006)………………………………….7

*Pennhurst State School & Hosp. v. Halderman*, 465 U.S. 89 (1984)…………………...7-8

*Yarris v. County of Delaware*, 465 F.3d 129 (3d Cir. 2006)……………………………...9


Constitutions, Statutes and Rules

FED. CIV. P. R. 15……………………………………………………………………………6

D. Del. L. R. 15.1(b)………………………………………………………………………6

## NATURE AND STAGE OF PROCEEDINGS

On May 8, 2006, Robert Jackson filed a complaint under 42 U.S.C. §1983, seeking declaratory and injunctive relief against various Delaware Department of Correction officials responsible for carrying out court-ordered executions. (D.I. 2). Jackson simultaneously filed a motion for preliminary injunction to stay his pending execution. (D.I. 6). On May 9, 2006, the Court entered an order granting Jackson's motion for preliminary injunction. (D.I. 9). On September 8, 2006, the Defendants filed an answer to the complaint. (D.I. 14). On October 6, 2006, the Court entered a Rule 16 scheduling order that, among other things, set December 1, 2006 as the cut-off date for joinder of parties and amendment of the complaint. (D.I. 20). The Court scheduled trial for the week of September 4, 2007. (D.I. 23).

On December 1, 2006, Jackson filed a motion for class certification to include as plaintiffs every Delaware inmate under a sentence of death. (D.I. 26). On February 23, 2007, the Court granted Jackson's motion for class certification. (D.I. 33). On June 8, 2007, the Court entered an amended scheduling order, extending discovery through October 1, 2007, and re-scheduling trial to commence on October 9, 2007. (D.I. 43).

On August 15, 2007, Jackson filed a motion for leave to amend the complaint and a memorandum of law in support of his motion. (D.I. 55, 56). This is the State Defendants' answering brief in opposition to Jackson's motion to amend the complaint.

## SUMMARY OF ARGUMENT

1.      Supplementation of Jackson's complaint to add an allegation that the Department of Correction's lethal injection protocol was promulgated in violation of the Delaware Administrative Procedure Act is both untimely and futile.  The Eleventh Amendment to the United States Constitution deprives this Court of jurisdiction to hear a claim against a state that alleges only a violation of state law.  Only a Delaware court has the authority to consider whether a state agency has complied with Delaware administrative law.

**STATEMENT OF FACTS**

On the afternoon of April 3, 1992, Jackson and Anthony Lachette were driving in Jackson's car when they decided to burglarize a house in order to obtain money to buy marijuana. Lachette suggested they break into the house of Elizabeth Girardi in Hockessin, Delaware; Lachette knew one of Girardi's children. Against Lachette's advice, however, when the two arrived at the Girardi residence, Jackson parked the car in the driveway. It appeared that no one was home, and the two broke into the house through the back door, Jackson wearing a pair of cloth gardening gloves he had brought with him. Once inside, the two collected various items, including jewelry, rare coins, a camera, compact discs, and firecrackers. After putting the loot into paper bags, the two left the house through the back door. As they rounded the corner of the house, heading for the driveway, they saw Mrs. Girardi had arrived and was walking toward Jackson's car. Disregarding Jackson's efforts to persuade him to remain, Lachette dropped his bag and fled, leaving Jackson behind. *Jackson v. State*, 643 A.2d 1360, 1363 (Del. 1994).

Jackson then grabbed an ax from a nearby shed and confronted Mrs. Girardi in the driveway. The two struggled for a few moments. Mrs. Girardi eventually fell to the ground, and Jackson struck her several times in the face with the ax. Jackson then loaded his car with the stolen property. When he had finished that task, he noticed that Mrs. Girardi was moaning and moving. Taking the ax, he struck her in the face several more times, killing her; he then left the scene. Shortly afterwards, Jackson found Lachette walking along the road and picked him up. Jackson told Lachette that he killed Mrs. Girardi, and Lachette noticed that Jackson's gloves and pant legs were bloody. During

the following week, Jackson bragged about the murder to Lachette and to his friend and roommate, James Burton. *Id.*

After the murder, police issued a bulletin to pawnbrokers about some of the items taken in the robbery. On April 9, Burton and Carl Roca, another friend, sold a bracelet stolen in the burglary to a pawn shop. The pawnbroker contacted police. With this information, the police investigation, in the next twelve hours, led authorities to Jackson and Lachette. Lachette told police of his involvement in the burglary and implicated Jackson in the murder. He later gave police a full statement regarding the details of the crime and Jackson's remarks about the killing. Burton, who had been arrested with Jackson and Lachette, also gave police a full statement, telling authorities of Jackson's remarks to him regarding the crime. After Lachette's initial statement, Jackson was arrested for the murder. *Id.* at 1363-64.

The jury convicted Jackson of two counts of first degree murder, second degree burglary, first degree robbery, second degree conspiracy, and three counts of possession of a deadly weapon during the commission of a felony. Jackson was sentenced to death for each count of first degree murder and to an additional 46 years imprisonment. On appeal, the Delaware Supreme Court decided that the introduction of certain evidence in the penalty phase violated Jackson's Sixth Amendment right to counsel. Accordingly, the court vacated Jackson's death sentences and remanded the case for a new penalty hearing. *See Jackson*, 643 A.2d at 1370-77.

At a new penalty hearing in September 1995, prosecutors presented much the same evidence as had been presented in the 1993 trial. Jackson was again sentenced to

death, and the state supreme court affirmed the sentence. *Jackson v. State*, 684 A.2d 745 (Del. 1996).

      Jackson has continued to litigate the validity of his conviction and sentence. Jackson applied for post-conviction relief in Superior Court. On August 25, 1999, Superior Court denied Jackson's motion for post-conviction relief. The Delaware Supreme Court affirmed Superior Court's denial of Jackson's motion for post-conviction relief. *Jackson v. State*, 770 A.2d 506 (Del. 2001). Next, Jackson filed a petition for writ of habeas corpus which this Court denied. *Jackson v. Carroll*, 2004 WL 1192650 (D. Del. 2004). On December 20, 2005, the Third Circuit affirmed this Court's denial of Jackson's petition for writ of habeas corpus. *Jackson v. Carroll*, 161 F. App'x 190 (3d Cir. 2005). Jackson's execution was scheduled for May 2006 before the instant litigation stayed his execution.

### I. JACKSON'S PROPOSED AMENDMENT TO HIS COMPLAINT IS FUTILE AS THE DISTRICT COURT LACKS JURISDICTION TO CONSIDER AN ALLEGED VIOLATION OF STATE LAW BY STATE ACTORS.

Rule 15[1] of the Federal Rules of Civil Procedure provides that leave to amend a complaint should be freely given. The district court nonetheless may deny a request if it is apparent from the record that: (1) the moving party has demonstrated undue delay; (2) the amendment would be futile; or (3) the amendment would prejudice the other party. *See, e.g., Middlebrook v. Carroll*, 470 F.Supp.2d 411, 419 (D. Del. 2007), *citing Grayson v. Mayview State Hosp.*, 293 F.3d 103, 108 (3d Cir. 2002). As set out below, the proposed amendment should be denied for each of the above reasons.

**Timing.**

Jackson filed this lawsuit on May 8, 2006. The Court's scheduling order provided nearly seven months, until December 1, 2006, in which to file amended pleadings. In that time, Jackson made no request to amend his complaint. Instead, on August 15, 2007, more than eight months after the Court's cut-off for amendment of pleadings, and only seven weeks before the scheduled trial date of October 9, 2007, Jackson has sought leave to amend his complaint. Jackson's motion to amend his complaint constitutes a textbook example of undue delay. Jackson acknowledges that the proposed amendment does not comply with the Court's scheduling order, but as explanation for the late filing, he offers

---

[1] Local Rule 15.1 (b) provides that "A form of the amended pleading shall indicate in what respect it differs from the pleading which it amends by bracketing or striking through materials to be deleted and underlining materials to be added." Jackson's proposed amendment fails to comply with Local Rule 15.1 (b). The proposed amendment does not state against which defendants the new allegations are directed. In addition, the proposed amendment does not reproduce the original complaint nor underline the materials to be added.

only that "failure to file earlier resulted from counsel only recently becoming aware of this potential ground for relief." (D.I. 56 at 4). This explanation offered by counsel for the plaintiff class rings hollow. In the motion for class certification, counsel represented that "Counsel representing Plaintiff, Robert Jackson, are experienced counsel employed by the Capital Habeas Unit (CHU) of the Federal Community Defender for the Eastern District of Pennsylvania (i.e. the Federal Public Defender). They possess special expertise in capital jurisprudence and with regard to the Eighth Amendment and civil rights issues that will arise in this case." (D.I. 27 at 11). Given counsel's description of the new claim as presenting "largely, if not entirely, a question of law,"[2] there cannot be a newly discovered fact that has prompted the instant motion. Moreover, Jackson's counsel do not suggest that some recent legal development just occurred. In fact, the state law claim proposed by Jackson has been litigated in several states, including California, Maryland, and Tennessee. *See, e.g., Morales v. Tilton*, 465 F.Supp.2d 972, 984 n. 17 (N.D. Cal. 2006); *Evans v. State*, 914 A.2d 25, 77-81 (Md. 2006); *Abdur'Rahman v. Bresden*, 181 S.W.3d 292, 311-12 (Tenn. 2005). As counsel with special expertise in capital jurisprudence, Jackson's counsel cannot plausibly suggest that nearly eighteen months into the litigation, they have only now become aware of a new ground for relief.

**Futility.**

The proposed amendment also fails on grounds of futility. Jackson's proposed amendment is directly controlled by the decision of the United States Supreme Court in *Pennhurst State School & Hosp. v. Halderman*, 465 U.S. 89 (1984). *Pennhurst* involved

---

[2] D.I. 56 at 4.

7

a class action lawsuit brought on behalf of mentally retarded residents of a Pennsylvania state institution against various administrators of that institution and alleged violations under the Eighth and Fourteenth Amendments of the United States Constitution, two federal statutes, and the Pennsylvania Mental Health and Mental Retardation Act of 1966. *Id.* at 92. The state law claim in *Pennhurst* sought only prospective injunctive relief under the doctrine of pendent jurisdiction. *Id.* at 104. The Supreme Court held that the Eleventh Amendment prohibited the federal courts from ordering state officials to conform their conduct to state law. *Id.* at 96. The *Pennhurst* Court recognized that the Court's holding in *Ex parte Young*, 209 U.S. 123 (1908), which permits a plaintiff to sue a state official in federal court for injunctive relief, applies only to an alleged violation of federal law. *Pennhurst*, 465 U.S. at 105. Contrary to Jackson's proposed amendment, "it is difficult to think of a greater intrusion on state sovereignty than when a federal court instructs state officials on how to conform their conduct to state law. Such a result conflicts directly with the principles of federalism that underlie the Eleventh Amendment." *Id*. at 106. The *Pennhurst* Court further held that pendent jurisdiction, which is "a judge-made doctrine of expediency," cannot override a State's sovereign immunity protected by the Eleventh Amendment. *Id*. at 120-21.

In a challenge by Iowa inmates to a prison visitation regulation under the Iowa Administrative Procedure Act, the Eighth Circuit held that the federal court lacked jurisdiction to hear such a claim on the basis of *Pennhurst*. *Harmon v. Auger*, 768 F.2d 270, 275 (8th Cir. 1985). The District Court for the Eastern District of Michigan has reached an identical result dismissing a claim against the Michigan Board of Education

8

which alleged violations of the Michigan Administrative Procedures Act. *See Leon v. Michigan Board of Ed.*, 807 F.Supp. 1278, 1285 (E.D. Mich. 1992).

Jackson, however, urges that this Court has jurisdiction over a state law claim, relying on *Yarris v. County of Delaware*, 465 F.3d 129, 134 (3d Cir. 2006), for that proposition. *Yarris* simply does not bear the weight. The defendants in *Yarris* raised only a defense of absolute immunity to the state law claims, not Eleventh Amendment immunity. *Id*. at 140. The District Court never addressed the absolute immunity defense raised to the state law claims, and the Third Circuit remanded the case for the District Court to rule on the issue in the first instance. *Id*. Contrary to Jackson's suggestion, *Yarris* does not amount to a holding by the Third Circuit that a federal court has jurisdiction over any state law claim that accompanies a § 1983 action.

**Prejudice to Defendants.**

Jackson has asserted that the instant motion is not prejudicial to the Defendants. In point of fact, the motion to amend is highly prejudicial to the State of Delaware, represented here by various Department of Correction officials. The proposed amendment is designed to alter the issues to be tried in the hopes of creating an alternative basis to prevent Jackson's execution from taking place should Jackson fail to establish an Eighth Amendment violation. Even if the State of Delaware does not incur some specific harm because of the proposed amendment and potential further stay of execution, both the interest that State has in the enforcement of a facially valid sentence imposed by the Superior Court and the public interest represented by the State will be damaged by the proposed amendment. In that light, the proposed amendment is prejudicial to the State, and Jackson has offered no countervailing reason why this Court

should act to prevent the State from "exercising its sovereign power to enforce the criminal law." *In re Blodgett*, 502 U.S. 236, 239 (1992). Jackson's delay in bringing a known claim earlier and in the proper judicial forum blunts any suggestion that the proposed amendment has not been offered for dilatory purposes.

10

## CONCLUSION

Plaintiffs' motion to amend the complaint should be denied.

                                                STATE OF DELAWARE
                                                DEPARTMENT OF JUSTICE

                                                /s/ Loren C. Meyers_____
                                                Loren C. Meyers, ID No. 2210
                                                Gregory E. Smith, ID No. 3869
                                                Deputy Attorneys General
                                                820 North French Street, 7th Floor
                                                Carvel State Building
                                                Wilmington, DE  19801
                                                (302)577-8398

Dated:  August 23, 2007

11

## CERTIFICATION OF SERVICE

The undersigned certifies that on August 23, 2007, he electronically filed the attached *Answering Brief in opposition to Plaintiffs' Motion to Amend* with the Clerk of Court using CM/ECF which will send notification of such filing to the following registered participant:

    Michael Wiseman, Esq.
    Assistant Federal Defender
    Suite 545 West—The Curtis Center
    Philadelphia, PA  19106
    Attorney for Robert Jackson

STATE OF DELAWARE
DEPARTMENT OF JUSTICE

/s/ Gregory E. Smith
Gregory E. Smith, ID # 3869
Deputy Attorney General
820 North French Street, 7th Floor
Carvel State Building
Wilmington, Delaware 19801
(302) 577-8398