# FEDERAL COMMUNITY DEFENDER OFFICE
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

## Capital Habeas Unit

FEDERAL COURT DIVISION DEFENDER ASSOCIATION OF PHILADELPHIA

SUITE 545 WEST -- THE CURTIS CENTER
601 WALNUT STREET
PHILADELPHIA, PA 19106

| | | |
|---|---|---|
| **ELLEN T. GREENLEE**<br>DEFENDER | PHONE NUMBER (215) 928-0520<br>FAX NUMBER   (215) 928-0826<br>FAX NUMBER   (215) 861-3508 | **MAUREEN KEARNEY ROWLEY**<br>CHIEF FEDERAL DEFENDER |

September 20, 2007

Honorable Sue L. Robinson
United States District Judge
District of Delaware
By E-File

      Re:    Reply to Letter Brief, <u>Jackson v. Danberg</u>, 06-cv-300

Your Honor:

      We write to make the following brief points in reply to Defendants' Memorandum Response (Deft's Memo), filed today (document #76).

      **1.**    The parties are in apparent agreement that the standard governing this case is whether Defendants' protocol and its implementation engender an "unnecessary and substantial risk of pain" to the condemned prisoner. The parties also agree that under this standard, Plaintiffs prevail if they prove the existence of this unnecessary risk. (Defts' Memo at 6).

      Defendants state that they "do not intend to assert any defense based on attorney-client communications." (Defts' Memo at 5). However, selectively quoting from <u>Rhone-Poulenc River, Inc. v. Home Idem. Co</u>, 32 F.3d 851 (3d Cir. 1994), Defendants take a cramped view of what would constitute an "attorney-client based defense." In portions ignored by Defendants, <u>Rhone</u> states that the privilege applies only to <u>communications</u> between lawyer and client, but not to <u>facts</u>:

**Honorable Sue L. Robinson**
**September 20, 2007**
**Page 2**

> the privilege extends only to communications and not to facts. A fact is one thing and a communication concerning that fact is an entirely different thing. The client cannot be compelled to answer the question "what did you say or write to the attorney?" but may not refuse to disclose any relevant fact within his knowledge <u>merely because he incorporated a statement of such fact into his communication with his attorney</u>.

<u>Id.</u> at 862 (emphasis added). <u>Rhone</u> also states that the privilege is waived if the client "asserts reliance on the advice of counsel." <u>Id.</u> at 863.

Here both circumstances are present. Warden Carroll made absolutely clear in his recent deposition that the entire process for revamping the protocol, including all related decisions, were made in the context of meetings with counsel. Warden Carroll clearly stated that he spoke with no one but his counsel in reaching various decisions.[1] If Warden Carroll or other Defendants seek to justify at trial their assumption of a particular risk, they are effectively relying on the advice of counsel. Moreover, just as <u>Rhone</u> precludes application of the privilege simply because a client tells his lawyer particular facts, Defendants here cannot cloak their deliberative process simply by engaging in it with lawyers in the room.[2]

---

[1] <u>See</u>, <u>e.g.</u>, Carroll Deposition of 9/17/07, Transcript at 18:

Q:  In making the decision not to include such a requirement [for the assessment of anesthetic depth] in the protocol, did you consult with anyone in the Department of Corrections other than your counsel?
A:  No.
Q:  Did you consult with any experts or medical people about that particular aspect of the process?
A:  Mr. Wiseman, the procedure was developed as a result of conversations with my attorneys.

[2] Plaintiffs point the Court to the recent opinion in <u>Harbison v. Little</u>, 3:06-01206 (M.D. Tenn, Sept. 20, 2007), where the Court discussed extensive communications between correctional officials and their attorneys in the redesign of a protocol. This opinion was provided to the Court earlier today as supplemental authority (document #75).

**Honorable Sue L. Robinson**
**September 20, 2007**
**Page 3**

      Defendants appear to contemplate a trial situation where Warden Carroll would testify, for instance, as to the Defendants' reasons for excluding a requirement that the executioners assess anesthetic depth before administering the painful chemicals, but that Plaintiffs would have no opportunity to discover those reasons before trial. This cannot be. As the Court aptly stated during Monday's conference, Defendants should not be permitted to use their invocation of privilege "as both a sword and a shield." (Transcript at 50). If invoked, the privilege must be invoked consistently: If Defendants choose to offer reasons for their assumptions of particular risks, then Plaintiffs should prevail just be demonstrating the risk(s); conversely, if Defendants offer such explanations, Plaintiffs must be permitted discovery on them before trial, even if the decisions were made with lawyers in the room.

      Plaintiffs appreciate that this is not the only case before the Court, and that as trial approaches they are placing great demands on the Court. Nevertheless, this issue cannot be left unsettled. If it is not settled very soon, it may impact the trial date. Defendants' eve-of-trial promulgation of the new protocol and their current specious reliance on privilege are causing Plaintiffs severe hardship in preparing for trial. Plaintiffs cannot reasonably be expected to proceed to trial without clarification of the scope of the privilege. Plaintiffs respectfully request that the Court convene either a telephonic or in-person conference at which Defendants articulate on the record if they expect to offer justifications for their decisions relevant to various features of the protocol. If they indicate that they will not proffer such evidence at trial, Plaintiffs will not require the discovery, but, then, Defendants should be on notice that Plaintiffs will prevail by showing the existence of risk(s). Conversely, if Defendants plan to offer reasons, Plaintiffs should be provided with the disputed discovery as soon as practicable.

**Honorable Sue L. Robinson**
**September 20, 2007**
**Page 4**

     **2.**     Plaintiffs take issue with two of Defendants' other assertions. Although the Court need not decide either disagreement in order to resolve the instant discovery dispute, Plaintiffs make their position known, lest their silence be considered acquiescence.

     **A.**     First Defendants' suggest that the Court should not concern itself with "the individual persons responsible for carrying out the execution." ( Defts' Memo at 2). To the contrary, Plaintiffs believe that the manner in which Defendants intend to implement the protocol is very important. Regardless of Defendants' intent, no written protocol can protect against the infliction of pain; only qualified – <u>i.e.</u> trained, experienced, credentialed and well-vetted – executioners can do that.

     **B.**     Second, Defendants blur the line between unnecessary risk and intent. (Defts' Memo at 4) (suggesting that Plaintiffs can only prevail by showing that the protocol is "designed to cause harm"). The issue under the unnecessary risk standard is not whether Defendants "intend to cause harm." Rather, the question is whether the protocol and its implementation are designed to minimize and remove foreseeable risks of harm.

Respectfully Submitted,

/s/ Michael Wiseman

_____
Michael Wiseman
Helen Marino
Megan McCracken
Assistant Federal Defenders
Capital Habeas Corpus Unit
Federal Community Defender Office
for the Eastern District of Pennsylvania
Suite 545 West – The Curtis Center
Philadelphia, PA 19016
215-928-0520
Counsel for Plaintiffs

**CERTIFICATE OF SERVICE**

I, Michael Wiseman, hereby certify that on this 20th day of September, 2007 I served the foregoing upon the following persons by United States Mail, First Class, postage prepaid and by e-filing:

>Loren Myers, Esq.
>Gregory E. Smith, Esq.
>Elizabeth McFarlan, Esq.
>Marc Niedzielski, Esq.
>Deputy Attorney Generals
>820 North French Street, 6th Floor
>Carvel State Building
>Wilmington, Delaware 19801

>/s/ Michael Wiseman
>_____
>Michael Wiseman