IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| ROBERT W. JACKSON, III, | : | **Civil Action No.** |
| | : | 06-CV-300 |
| Plaintiff, | : | |
| | : | |
| -against- | : | **Judge Sue L. Robinson** |
| | : | |
| CARL C. DANBERG, et al., | : | **Electronically Filed** |
| | : | |
| Defendants. | : | |
| | : | **CLASS ACTION** |

**PLAINTIFFS' MOTION FOR CLARIFICATION
OF PRETRIAL ORDER**

Plaintiffs, through undersigned counsel, seek clarification of two aspects of the Court's Order of June 27, 2008 (document # 95), and in support state the following.

**I.   Scope of the Trial.**

1.   The Court's order sets forth the procedure to be followed at the September 10, 2008 trial. It allots to each side two hours in total to "conduct examinations of their witnesses and to cross examine opposing witnesses," following the Court's initial questioning of the two primary expert witnesses, Dr. Heath and Dr. Dershwitz. The order also requires that each side identify and proffer the expected testimony of its witnesses.

2.   At the scheduling conference of June 23, 2008 the Court indicated that it would hear from Dr. Heath and Dr. Dershwitz, and asked the parties to identify if they wished any other expert witnesses to be examined by the Court. Plaintiffs indicated that they would like the Court to hear from Professor Senders, and Defendants suggested that former Warden Carroll might be helpful. The Court also indicated that it would further consider Plaintiffs' request that the Court permit

1

evidence about Delaware's past practices and experiences with the implementation of its lethal injection protocol.

3.  In light of Plaintiffs' outstanding request that they be permitted to present evidence from prior executions, they are uncertain and require clarification of whether the Court requires a proffer of just the testimony that they expect to be presented by (Dr. Heath and Professor Senders), or of the additional witnesses relevant to past executions (identified in their *Pre-Trial Submission*, document # 89, at 34).

4.  It may be that the Court's allotment of two hours per side for examination and cross examination of all witnesses may effectively answer the question of whether Plaintiffs will be permitted to present evidence about past executions. Counsel see no feasible way to complete the direct exam of Dr. Heath, the cross exam of Dr. Dershwitz, and possibly the direct and cross examinations of Professor Senders and Mr. Carroll in two hours, **and** present evidence about past executions. But, because Plaintiffs do not wish to appear to have abandoned their request to present evidence about prior executions, they believe that clarification is appropriate. Clarification is also needed so that the proffer filed by the parties will be responsive and helpful.

5.  Plaintiffs well appreciate that this Court does not wish to prolong these proceedings. However, Plaintiffs believe that they can present evidence about prior executions in one additional court day. Plaintiffs also understand that the Court's schedule is tight and it may be difficult to find consecutive days. From Plaintiffs' perspective, however, they would be glad to proceed on non-consecutive days, if that best suits the Court's schedule.

**II.     Providing the Court with Discovery.**

6.     The Court's order also requires the parties to provide the Court with the discovery to date obtained in this litigation. The parties have conferred and divided responsibilities for filing these materials. However, the Court should be aware that the discovery to date is voluminous. Defendants have provided over 2,500 pages of documents. In addition, there are multiple interrogatory responses, and seventeen depositions.

7.     In view of the volume of materials, much of which will likely be irrelevant to the inquiry the Court will conduct of Dr. Heath and Dr. Dershwitz, Plaintiffs propose that the Court invite each side to make a brief submission pointing the Court to those portions of the discovery that they believe are relevant to the issues. Again, before doing so, it would be helpful for the Court to resolve whether it will hear about past executions, so that the parties can be appropriately guided in making this submission.

**Wherefore,** Plaintiffs request clarification as set forth above.

Respectfully Submitted,

/s/ Michael Wiseman

_____
Michael Wiseman
Helen Marino
Maria K. Pulzetti
Capital Habeas Corpus Unit
Federal Community Defender Office
for the Eastern District of Pennsylvania
Suite 545 West – The Curtis Center
Philadelphia, PA 19106
215-928-0520

Dated: Philadelphia, PA
        July 9, 2008

**Certificate of Service**

I, Michael Wiseman, hereby certify that on this 9th day of July, 2008 I served the foregoing upon the following persons by e-mail and United States Mail:

Gregory E. Smith, Esq.
Elizabeth McFarlan, Esq.
Marc P. Niedzielski, Esq.
Office of the Attorney General
820 North French Street, 6th Floor
Carvel State Building
Wilmington, Delaware 19801

/s/ Michael Wiseman
_____
Michael Wiseman