IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| ROBERT W. JACKSON, III, | : | **Civil Action No.** |
| | : | 06-CV-300 |
| Plaintiff, | : | |
| | : | |
| -against- | : | **Judge Sue L. Robinson** |
| | : | |
| CARL C. DANBERG, et al., | : | **Electronically Filed** |
| | : | |
| Defendants. | : | |
| | : | **CLASS ACTION** |

**PLAINTIFFS' IDENTIFICATION OF WITNESSES AND PROFFER OF ANTICIPATED TESTIMONY**

Plaintiffs, through undersigned counsel, hereby respond to the Court's Order of June 27, 2008, directing the parties to "identify the witnesses they will be calling for the September 10 evidentiary hearing, along with a proffer of their anticipated testimony."

1. In their *Pre-Trial Submission* of June 6, 2008 (document # 89), Plaintiffs listed the following witnesses they intended to be called at trial: Dr. Mark Heath; Dr. Steven Katz; Professor John Senders; Dr. Mark Dershwitz; Delaware DOC Commissioner Carl Danberg; Warden Perry Phelps; Deputy Warden Elizabeth Burris; Deputy Warden David Pierce; Former Warden Thomas Carroll; Anonymous Physician; John Doe #1; John Doe #2; John Doe #3; Jane Doe #1. Plaintiffs presently do not intend to call Dr. Katz as a witness; they will rely on Dr. Heath as their medical expert.

2. Plaintiffs understand the September 10, 2008, evidentiary hearing may be limited to Plaintiffs' expert witnesses Dr. Mark Heath and Professor John Senders, and Defendants' witnesses Dr. Mark Dershwitz and former Warden Carroll. However, Plaintiffs' request to call additional

witnesses has not yet been ruled upon, and in an abundance of caution and to preserve their legal position that evidence about past executions in Delaware is relevant and proper, Plaintiffs proffer here the testimony of the witnesses who can provide this historical perspective.

3. Plaintiffs proffer that their witnesses' testimony will show a substantial risk of maladministration of anesthesia during an execution by lethal injection under the Delaware protocol.

4. **Dr. Mark Heath** will testify to the various flaws in the Delaware lethal injection protocol that have likely caused prisoners to be subjected to inadequate anesthesia, and which will likely continue to do so in future executions. Dr. Heath's testimony may include, but is not limited to: the training and experience required of personnel who administer the drugs; the impact on the risk of maladministration that there is no provision for a consciousness check following the administration of sodium pentothal; the importance of a clear decision making system in case of a problems and/or unforeseen contingencies; issues related to delivery of anesthesia from a remote room; risks associated with the manner in which peripheral intravenous access is attempted, including the risks associated with unlimited attempts at siting intravenous lines; the possibility of having to use alternatives to peripheral intravenous access during an execution and training and equipment to implement alternative procedures; the properties, effects and onset times of drugs used in the Delaware lethal injection protocol; potential problems in delivery of those drugs into circulation; the effects of multiple attempts at siting an intravenous needle over a period of time; the cause of death during an execution by lethal injection; the possibility of resuscitation and the necessary means of resuscitation of a prisoner whose execution by lethal injection must be stopped; the effects of the dosages required in the Delaware protocol and the effects of delivering erroneous dosages; and the effects of a massive, single dose of a barbiturate.

5.     **Professor John Senders** will testify to the risk of error in medical settings generally and specifically in the implementation of Defendants' protocol. He will specifically address the risks caused by inadequate lighting conditions and the increased risk of maladministration of drugs.

6.     **Delaware DOC Commissioner Carl Danberg, Warden Perry Phelps, Deputy Warden Elizabeth Burris, Deputy Warden David Pierce, Former Warden Thomas Carroll** ("prison officials") will testify to facts they have witnessed relevant to past errors, maladministrations, and risky practices. They will also provide evidence of their understanding of how the current Delaware lethal injection protocol is administered, including but not limited to: knowledge of the Delaware lethal injection protocol; knowledge of the drugs and dosages in the protocol; the layout of the execution chamber and the location of the prisoner and execution team members during an execution; the role of the Commissioner, Warden, and Deputy Warden in an execution by lethal injection; the role of the Physician in an execution; the chain of command during an execution by lethal injection; the lack of contingency plans for medical or technical problems during an execution by lethal injection; the lack of contingency plans for difficulty siting a peripheral IV during an execution; the selection of the execution team, including the Physician and the IV Team; the implementation of the training and practice requirements of the protocol; the lack of training and equipment for resuscitation; flaws in documentation and record-keeping before, during, and after an execution by lethal injection; lack of debriefings following executions; the medical and psychiatric evaluation of the prisoner before an execution; and the lack of a system for selecting members of the IV-Team.

7.     **Anonymous Physician; John Doe #1; John Doe #2; John Doe #3; Jane Doe #1** ("the Executioners") will testify to facts they have witnessed relevant to past errors,

maladministrations, and risky practices. They will testify to the implementation of the current Delaware lethal injection protocol. The Executioners' testimony may include, but is not limited to: relevant professional experience, licensure, and training; knowledge of the Delaware lethal injection protocol; knowledge of the drugs and dosages in the protocol; the layout of the execution chamber and the location of the prisoner and execution team members during an execution; the role of the Commissioner, Warden, and Deputy Warden in an execution by lethal injection; the role of the Physician in an execution; the chain of command during an execution; contingency plans for medical or technical problems during an execution; contingency plans for difficulty siting a peripheral IV during an execution; each executioner's role during an execution; the prison officials' roles during an execution; the tasks that must be completed during an execution; the chain of command in the medicine room during an execution; contingency plans and equipment for resuscitation during an execution; contingency plans for medical or technical problems during an execution by lethal injection; the executioners' ability to see and monitor the prisoner during an execution; executioners' knowledge of prisoners and personal relationships with any prisoners; documentation and record-keeping before, during, and after an execution by lethal injection; the process for selection to participate as a member of the IV-Team; and lack of medical and psychiatric evaluation of the prisoner before an execution.

Respectfully Submitted,

/s/ Michael Wiseman

_____
Michael Wiseman
Helen Marino
Maria K. Pulzetti
Capital Habeas Corpus Unit
Federal Community Defender Office
for the Eastern District of Pennsylvania
Suite 545 West – The Curtis Center
Philadelphia, PA 19106
215-928-0520

Dated: Philadelphia, PA
       July 18, 2008

## Certificate of Service

I, Michael Wiseman, hereby certify that on this 18th day of July, 2008 I served the foregoing upon the following persons by e-mail and United States Mail:

Gregory E. Smith, Esq.
Elizabeth McFarlan, Esq.
Marc P. Niedzielski, Esq.
Office of the Attorney General
820 North French Street, 6th Floor
Carvel State Building
Wilmington, Delaware 19801

/s/ Michael Wiseman
_____
Michael Wiseman